UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **In re Genesis Health Ventures, Inc. et al.**<br><br>**Debtors,** | Case No. 00-2692 (JHW)<br><br>(Jointly Administered) |
| **Richard Haskell et al.,**<br><br>**Appellants,**<br><br>v.<br><br>**Goldman, Sachs & Co. et al.,**<br><br>**Appellees.** | Adv. No. 04-53375 (JHW) |

**APPELLANTS' DESIGNATION OF ITEMS IN RECORD ON APPEAL
AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Richard Haskell et al., by and through their counsel, hereby designate, pursuant to Fed. R. Bankr. P. 8006, the items to be included in the record on appeal and the statement of issues to be presented on appeal in connection with the Appellants' Notice of Appeal filed on May 10, 2005, from the Order and Judgment of Dismissal of the action entered by the Honorable Judith H. Wizmur, U.S. Bankruptcy Judge, on May 10, 2005. The Bankruptcy Court's amended opinion granting defendants' joint motion to dismiss was issued on or about May 4, 2005.

**DESIGNATION OF ITEMS**

1.  Copy of complaint as filed in the Supreme Court of the State of New York, dated January 27, 2004 (attached as exhibit A).[1]

---

[1] No copy of the complaint was found in the court's file in either the District Court or the Bankruptcy Court.

2. Notice of Removal from Supreme Court, County of NY filed by Defendants on 2/16/04, filed 3/12/04 (U.S. District Court, Docket No. 1)

3. Order that this action is transferred to the USDC for the District of Delaware, filed 3/12/04 (U.S. District Court, Docket No. 6)

4. Stipulation referring case to the U.S. Bankruptcy Court for District of DE with proposed order; So Ordered, filed 4/23/04 (U.S. District Court, Docket No.18-1)

5. Motion by Goldman Sachs & Co., Mellon Bank NA, Highland Capital, Genesis Health, George V. Hager to Dismiss Plaintiffs' Complaint, filed 4/23/04 (U.S. District Court, Docket No.19)

6. Appendix of Exhibits to Joint Motion to Dismiss Plaintiffs' Complaint Filed by Goldman Sachs & Co., Mellon Bank NA, Highland Capital, Genesis Health, George V. Hager Volumes I-IV, filed 4/23/04 (U.S. District Court, Docket Nos. 20-23)

7. Motion by Highland Capital to Dismiss, filed 4/23/04 (U.S. District Court, Docket No. 26)

8. Opening Brief Filed by Highland Capital in support of motion to Dismiss, filed 4/23/04 (U.S. District Court, Docket No. 27)

9. Order; having received a stipulation by the parties for referral of this action to the United States Bankruptcy Court for the District of DE (D.I. 18); the case is referred to the judges of the United States Bankruptcy Court for the District of DE, filed 4/27/04 (U.S. District Court, Docket No. 28)(also filed as U.S. Bankruptcy Court, Docket No. 1)

10. Response to and Memorandum in Opposition to Motion to Dismiss, filed 6/21/04 (U.S. Bankruptcy Court, Docket No. 16)

11. Reply of Highland Capital Management, LP, to Plaintiffs' Opposition to Joint Motion to Dismiss, filed 7/12/04 (U.S. Bankruptcy Court, Docket No. 22)

12. Memorandum of Law of Mellon Bank, N.A's Supplemental Memorandum in Support of Motion to Dismiss with exhibits, filed 7/12/04 (U.S. Bankruptcy Court, Docket No. 23)

13. Goldman Sachs and Co.'s Supplemental Reply to Plaintiffs' Opposition to Joint Motion to Dismiss Plaintiffs' Complaint, filed 7/12/04 (U.S. Bankruptcy Court, Docket No. 24)

14. Notice of Filing of Amended Exhibit Z to the "Appendix of Exhibits to Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, filed 7/12/04 (U.S. Bankruptcy Court, Docket No. 25)

15. Defendants' Joint Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Complaint, filed 7/12/04 (U.S. Bankruptcy Court, Docket No. 27)

16. Exhibits to Defendants' Joint Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Complaint, filed 7/13/04 (U.S. Bankruptcy Court, Docket No. 28)

17. Opinion Issued By the Honorable Judith H. Sizmur, Dated April 27, 2005, On The Joint Motion to Dismiss Defendants' Joint Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Complaint, filed 4/27/05 (U.S. Bankruptcy Court, Docket No. 35)

18. (Amended) Opinion Issued by The Honorable Judith H. Wizmur, on Joint Motion To Dismiss Defendants' Joint Reply to Plaintiffs' Opposition to Motion to Dismiss Plaintiffs' Complaint, filed 5/3/05 (U.S. Bankruptcy Court, Docket No. 36)

19. Order Dismissing Plaintiffs' Complaint, filed 5/10/05 (U.S. Bankruptcy Court, Docket No. 39)

20. Notice of Appeal of Order Dismissing Plaintiffs' Complaint, filed 5/10/05 (U.S. Bankruptcy Court, Docket No. 40)

21. This Appellants' Designation and Statement of Issues, filed 5/20.05.

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether, in dismissing plaintiffs' complaint for failure to state a claim, the Bankruptcy Court erred as a matter of law, in holding that its determination of the enterprise valuation of the debtor Genesis Health Ventures, Inc.(n/k/a Neighborcare, Inc.)("Genesis") was entitled to res judicata and collateral estoppel effect even though that determination was procured by fraud. In this connection, where the complaint alleged that the fraud was not, and could not have been, discovered prior to the Court's determination of enterprise value, did the Bankruptcy Court err in resting its determination on the proposition that "plaintiffs do not contend that the defendants wrongfully concealed material facts from them prior to confirmation"?

2. Whether, in dismissing plaintiffs' complaint, the Bankruptcy Court erred in holding that plaintiffs' claims against Genesis were time-barred under 11 U.S.C. §1144 because plaintiffs' claims for damages would constitute a de facto "revocation" of Genesis' plan of reorganization.

3. Whether, in dismissing plaintiffs' complaint, the Bankruptcy Court erred in holding that if a bankruptcy reorganization plan, including its bankruptcy discharge, were procured through fraud, the bankruptcy discharge was nonetheless enforceable.

4. Whether, in dismissing plaintiffs' complaint, the Bankruptcy Court erred in holding that the discharge language barred plaintiffs' claims, which were based on willful misconduct and recklessness in connection with the bankruptcy proceedings, even though the discharge explicitly excluded these very types of claims?

Dated: May 19, 2005

Respectfully submitted,

By: _____
R. Bruce McNew (# 967)
TAYLOR & McNEW LLP
3711 Kennett Pike, Suite 210
Wilmington, Delaware 19807
(302) 655-9200

Stanley M. Grossman
H. Adam Prussin
POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP
100 Park Avenue, 26th Floor
New York, New York 10017
(212) 661-1100

*Attorneys for Appellants*