**ANNEX 2**

*Tanaka Bros. Farms, Inc. v. Home State Bank*

Civ. A. No. 86-2108-S

1986 U.S. Dist. LEXIS 17745

(D. Kan. Nov. 13, 1986)

LEXSEE 1986 U.S. DIST. LEXIS 17745

**TANAKA BROTHERS FARMS, INC., Plaintiff, v. HOME STATE BANK, et al., Defendants**

**CIVIL ACTION No. 86-2108-S**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

**1986 U.S. Dist. LEXIS 17745**

**November 13, 1986, Filed**

**COUNSEL:** [*1]

David W. Carson, Carson & Fields

Ronald C. Newman, Mustain & Newman

Daniel M. Dibble/Sue Phillips, Lathrop, Koontz & Norquist

Gordon E. Wells

Robert F. Lytle, Bennett, Lytle, Wetzler, Winn & Martin

George Maier, Jr, Weeks, Thomas & Lysaught

**OPINIONBY:**

SAFFELS

**OPINION:**

MEMORANDUM AND ORDER

This matter is before the court on the motions of defendant Everett Mealman and defendants Richard Bond, Gerald Boyer, Russel Bysel, Earl Clark, Jr., Urban Hess, Ervin Johnston, Robert Kissick, George Maier, Clay Roberts, Jr., Orrin Shephard, Harry Winkler, Larry Winn, III, and Bernard Zarda for summary judgment or to dismiss.

The facts of this case can be summarized as follows. Stafos Farms, Inc. was a Kansas corporation engaged in growing, packaging, and selling farm produce on a wholesale basis. Plaintiff, a Colorado corporation, supplied produce to Stafos. Plaintiff claims that around August 1, 1984, Stafos owed it approximately $1.2 million for produce supplied. On August 2, 1984, Stafos filed bankruptcy under Chapter 11 of the Bankruptcy Code. In the bankruptcy proceeding, plaintiff filed a proof of claim for $989,000.00. Plaintiff later filed a written approval of Stafos' liquidation plan [*2] and voted in favor of Stafos' Amended Plan of Reorganization. No appeal was taken from the confirmation of the plan, which was entered on March 5, 1985.

Subsequently, on March 11, 1986, plaintiff filed it complaint in this court, claiming that defendants had fraudulently schemed to create an illusion of solvency of Stafos in the period before it filed bankruptcy. Plaintiff claims that it continued to deal with Stafos because of the false sense of security created by defendants. furthermore, plaintiff claims that before the bankruptcy petition was filed, defendants milked Stafos of most of its assets, which plaintiff claims was also a fraud on it. In addition, plaintiff claims that the bankruptcy plan was a fraud on the court and on plaintiff. Beside the fraud claim, plaintiff seeks recovery under the Racketeer Influenced & Corrupt Organizations Act, 18 § U.S.C. §§ 1961–1968.

Defendants' motion relies on the res judicata effect of the bankruptcy court action. Defendant claims that the failure of plaintiff to raise these issues before the bankruptcy court precludes this litigation.

The Kansas Supreme Court recently discussed the law of res judicata:

Application of the doctrine [*3] of res judicata is unconcerned with the procedural avenue employed to acquire jurisdiction in a particular tribunal. The doctrine prevents a second assertion of the same claim or cause of action and, regardless of which statute a party uses to proceed to a tribunal, where the same facts, same parties and same issues have previously been litigated before a court of competent jurisdiction which renders a judgment within its competency, the cause of action is barred.

In re Estate of Reed, 236 Kan. 514, 519–20, 693 P.2d 1156, 1161 (1985). Defendant relies heavily on Miller v. Meinhard, 462 F.2d 358 (5th Cir. 1972) in claiming that all the elements have been met and that the present

action is barred. The court need not address each of defendants' points because one issue is dispositive. When did the plaintiff become aware of defendants' alleged fraudulent acts? Because the answer to this question establishes the point at which plaintiff's cause of action accrued, see Seiffer v. Topsy's International, Inc., 487 F. Supp. 653, 666-67 (D. Kan. 1980); K.S.A. 60-513(a) (3), only if the discovery was made before the bankruptcy proceedings concluded would the confirmation be res [*4] judicata as to the present fraud claim. See Miller v. Meinhard, 462 F.2d at 360-61; F & M Marquette National Bank v. Emmer Brothers Co., 52 B.R. 385, 394-95 (D. Minn. 1985). The defendants do not allege that plaintiff knew of the fraud before march 5, 1985. In its complaint, plaintiff appears to allege that the bankruptcy action was a further attempt to conceal defendants' supposed fraudulent scheme, which indicates that plaintiff may not have become aware of its cause of action for fraud until after the confirmation. The court there fore finds that summary judgment should be denied as to the fraud claim.

As regards to the claim under the Racketeer INfluenced & Corrupt Organizations Act (RICO), the court does not hesitate in findings that summary judgment should be granted. To establish a RICO claim, a "pattern of racketeering activity" must be shown. 18 U.S.C. § 1962. This court recently held that "the continuity in the term 'pattern' presumes repeated activity, not merely repeated acts to carry out the same scheme." Pitts v. Turner & Boisseau, Chartered, No. 84-4342 slip op. at 6 (D. Kan. Aug. 26, 1986). In its complaint, plaintiff alleges that defendants "embarked [*5] on a scheme to create . . . the illusion of solvency." The court finds that a reading of plaintiff's complaint does not state a cause of action under RICO based on its failure to allege a pattern of racketeering activity. The motion to dismiss this court should therefore be granted.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motions for summary judgment on the issue of fraud be denied. IT IS FURTHER ORDERED that defendats' motion for dismissal of the RICO claim be granted.

DATED: This 13th day of November, 1986, at Kansas City, Kansas.