## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | C.A. No. 1:05-CV-427 (KAJ) |
| | Related to Case No. 00-2692 (JHW) |
| GENESIS HEALTH VENTURES, INC., et al., | Jointly Administered |
| Debtors. | |

| | |
|---|---|
| RICHARD HASKELL, et al., | |
| Appellants, | Adv. Proc. No. 04-53375 (JHW) |
| v. | |
| GOLDMAN, SACHS & CO., et al., | |
| Appellees. | |

---

**SUPPLEMENTAL BRIEF OF GOLDMAN, SACHS & CO. IN OPPOSITION TO THE APPEAL OF RICHARD HASKELL ET AL. FROM THE MAY 10, 2005 ORDER OF THE BANKRUPTCY COURT**

---

Sheldon Raab, Esq.
Eric. A. Hirsch, Esq.
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York  10004-1980
(212) 859-8000

Steven K. Kortanek, Esq.
Morton R. Branzburg, Esq.
KLEHR, HARRISON, HARVEY,
 BRANZBURG & ELLERS LLP
919 N. Market Street, Suite 1000
Wilmington, Delaware  19809-3062
(302) 426-1189

*Attorneys for Defendant  Goldman, Sachs & Co.*

Dated:  January 23, 2006

DEL1 63333-1

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................................ ii

STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF REVIEW ...................... 1

STATEMENT OF FACTS AND SUMMARY OF ARGUMENT ................................................ 1

ARGUMENT ............................................................................................................................... 2

    A.  Plaintiffs' Fraud and Conspiracy Allegations
        Against Goldman Sachs are Insufficient Under Rule 9(b) ........................................... 2

    B.  Plaintiffs' Gross Negligence Claim Fails ................................................................... 4

CONCLUSION ............................................................................................................................ 5

i

## TABLE OF AUTHORITIES

**CASES**                                                                                                  **PAGE**

*Grant v. Kingswood Apartments*, 2001 WL 1178796 (E.D. Pa. Oct. 2, 2001)................................................2

*In re Burlington Coat Factory Sec. Litig*, 114 F.3d 1410 (3d Cir. 1997)....................................................2, 4

*In re Hechinger Inv. Co.*, 2004 WL. 724960 (D. Del. Mar. 28, 2004), *aff'd*, 2005 WL 1793503
(3d Cir. Jul. 29, 2005)..........................................................................................................................4

*In re Sharp Intern. Corp.*, 302 B.R. 760 (E.D.N.Y. 2003)...........................................................................4

*Malia v. Gen. Elec. Co.*, 23 F.3d 828 (3d Cir. 1994) ..................................................................................1

*Morse v. Lower Marion School Dist.*, 132 F.3d 902 (3d Cir. 1997)..............................................................1


**STATUTES**
Fed. Rule Civ. P. 9(b).......................................................................................................................... 1-3

Fed. Rule Civ. P. 12(b)(6) .......................................................................................................................1

DELI 63333-1

Appellee Goldman, Sachs & Co. ("Goldman Sachs"), alleged to have been a senior creditor of Genesis Health Ventures, Inc. and The Multicare Companies, Inc., submits this supplement to the Defendants-Appellees' Joint Brief in Opposition to the Appeal of Richard Haskell et al. from the May 10, 2005 Order of the Bankruptcy Court (the "Joint Brief").

## STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF REVIEW

In addition to the issues on appeal addressed in the Joint Brief, this Supplemental Brief demonstrates that Plaintiffs' allegations of fraud, conspiracy and gross negligence as to Goldman Sachs fail to state a claim for which relief can be granted under Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure (issues which the Bankruptcy Court did not reach in light of its broader rulings discussed in the Joint Brief). These issues constitute additional and alternative grounds to uphold the Bankruptcy Courts' ruling dismissing Plaintiffs' claims against Goldman Sachs. See Morse v. Lower Marion School Dist., 132 F.3d 902, 903 (3d Cir. 1997) (upholding dismissal on grounds other than those reached by the District Court).

The appropriate standard of review for the appeal of a dismissal pursuant to Rule 12(b)(6) for failure to state a claim is plenary. See Malia v. Gen. Elec. Co., 23 F.3d 828 (3d Cir. 1994) ("As we are reviewing the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, our standard of review is plenary.")

## STATEMENT OF FACTS AND SUMMARY OF ARGUMENT

In addition to the grounds for dismissal addressed in the Joint Brief, all of the Defendants moved below to dismiss (i) Plaintiffs' fraud and conspiracy claims based on Fed. Rule Civ. P. 9(b) grounds, and (ii) Plaintiffs' gross negligence claim on the grounds that Plaintiffs failed to identify any factual misrepresentations made by Defendants and that the Senior Lenders (Goldman Sachs, Mellon Bank, N.A. ("Mellon Bank") and Highland Capital Management, L.P. ("Highland")) owed no duty to Plaintiffs. The Bankruptcy Court dismissed Plaintiffs' Complaint on the broader grounds addressed in the Joint Brief without reaching these other arguments. Goldman Sachs' individual arguments are summarized below to demonstrate that even if Plaintiffs were able to overcome the bar imposed by *res*

1

*judicata* and collateral estoppel, their underlying allegations are insufficient to state a claim as against

Goldman Sachs.

## ARGUMENT

**A.      Plaintiffs' Fraud and Conspiracy Allegations Against
        Goldman Sachs Are Insufficient Under Rule 9(b)**

The fraud and conspiracy allegations as to Goldman Sachs consist exclusively of (i)

allegations—albeit pejoratively stated—that describe normal business practices of a creditor in a

bankruptcy proceeding; and (ii) bald, unsupported conclusions that Goldman Sachs acted fraudulently.

The case law is clear that these allegations will not pass muster under Rule 9(b). See In re Burlington

Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997) ("[r]ule 9(b)'s heightened pleading standard

gives defendants notice of the claims against them, provides an increased measure of protection for their

reputations, and reduces the number of frivolous suits brought solely to extract settlements"); Grant v.

Kingswood Apartments, 2001 WL 1178796, at *1 (E.D. Pa. Oct. 2, 2001) (attached hereto as Exhibit

"A") ("[p]laintiff must inject precision and some measure of substantiation into the allegations of fraud

specifying who, what, when, where and how").

In their Complaint, Plaintiffs alleged the following "facts" as forming the basis of their

claim that Goldman Sachs had knowledge of and participated in an alleged fraud:

- **Ordinary Course Business Activities**

    o  "Goldman and Highland aggressively purchased Genesis
       debt participations at drastic discounts, seeing an
       opportunity to double or triple their money within the
       space of 18 months." (Compl ¶ 161).

    o  Goldman Sachs had an "intent to enrich itself, as much
       as possible, at the expense of the debentureholders." (Id.
       ¶ 162).

    o  "[I]n July of 2000, [Goldman Sachs] took a lead position
       in the DIP lending facility." (Id. ¶ 163).

2

- **Ordinary Course Negotiations With Management for the Reorganized Debtor**

  - Goldman Sachs, Mellon, and Highland offered Genesis senior management "immensely lucrative retention bonuses, including stock grants, options and the forgiveness of debt they had incurred to purchase Genesis shares." (Id. ¶ 164).

- **Goldman Sachs' Committee Membership, Attendance at Meetings, and Communications with Management**

  - "Goldman then inserted itself into these proceedings in about March of 2000 . . . . First, it joined the senior lender steering committee." (Id. ¶ 162).

  - Goldman Sachs "conducted monthly meetings with Genesis management. Goldman's notes of those meetings show that they were tracking, in minute detail" Genesis' EBITDA and various adjustments thereto. (Id. ¶ 165).

  - "[A]djustments to Budgeted EBITDA were fed to Hager by the senior creditors' financial advisors, Policano & Manzo and Chilmark, through the Steering Committee." (Id. ¶ 166).

- **Naked, Conclusory Allegations of Wrongdoing**

  - Goldman, Highland and Mellon "conspired with Genesis management to put the Company into bankruptcy and 'cram down' a reorganization plan that would eliminate junior creditors (including plaintiffs) and existing stockholders, while conveying virtually total ownership of Genesis to the senior creditors." (Compl. ¶ 1; see also App. Br. at 1).

  - "Goldman orchestrated and directed the scheme described herein, with the cooperation of Mellon and Highland." (Compl. ¶ 161).

  - "Under the guise of monitoring compliance with DIP loan covenants, Goldman quarterbacked the entire panoply of financial manipulations detailed in this complaint." (Id. ¶ 165).

Insofar as these are _factual_ allegations, they allege nothing more than ordinary business activities that are part and parcel of participating in any bankruptcy restructuring, including buying distressed assets, joining a creditors' steering committee, and attending meetings with management; they

3

DEL1 63333-1

certainly do not demonstrate fraud or conspiracy. To the extent that Plaintiffs include conclusory

allegations of fraud, conspiracy, or other wrongdoing, they are entitled to no weight as they are backed by

no facts whatsoever. Conclusory allegations of wrongdoing (e.g., "orchestrated and directed,"

"quarterbacked," and "were well aware of . . . manipulations") are routinely rejected under Rule 9(b) as

insufficient. See In re Burlington at 1418 ("even under a relaxed application of Rule 9(b), boilerplate and

conclusory allegations will not suffice").

**B.      Plaintiffs' Gross Negligence Claim Fails**

Beyond being likewise barred by the principles of *res judicata* and collateral estoppel,

Plaintiffs' gross negligence claim fails for two additional reasons specific to Goldman Sachs. First, the

claim is premised on the theory that false and misleading financial information was disseminated by

Defendants, if not intentionally, then through gross negligence. (Compl. ¶ 196). Plaintiffs do not allege

that Goldman Sachs made any representations to Plaintiffs or the Bankruptcy Court that were later found

to be false. Rather, Plaintiffs allege that "adjustments to Budgeted EBITDA were fed to Hager by the

senior creditors' financial advisors, Policano & Manzo and Chilmark, through the Steering Committee."

(Compl. ¶ 166). Although Plaintiffs dispute these adjustments, these allegations represent differing views

about what should and should not be included in EBITDA, they are not allegations of negligently made

false statements.

Second, Plaintiffs' gross negligence claim fails because creditors in a bankruptcy

proceeding do not owe one another a duty of care as a matter of law. See In re Hechinger Inv. Co., 2004

WL 724960, at *5 (D. Del. Mar. 28, 2004), (attached hereto as Exhibit "B"), aff'd, 2005 WL 1793503 (3d

Cir. Jul. 29, 2005) (attached hereto as Exhibit "C") ("In the absence of the presence of the badges of

fraud, to require something less than actual knowledge on the part of defendants would result in the

imposition of a duty as between a secured lender and prior unsecured creditors of the debtor. Such a duty,

the Court finds, does not have a basis in law.") (citing In re Sharp Intern. Corp., 302 B.R. 760, 777-81

(E.D.N.Y. 2003)). Accordingly, Goldman Sachs owed no duty to these Plaintiffs in the Genesis

bankruptcy (quite the opposite), and no claim of gross negligence can therefore arise.

4

**CONCLUSION**

For the foregoing reasons, and the reasons stated in the Joint Brief, Goldman Sachs

respectfully requests that this Court affirm Judge Wizmur's Dismissal of the Complaint.

Dated: January 23, 2006

Respectfully submitted,

Steven K. Kortanek, Esq.
Morton R. Branzburg, Esq.
KLEHR, HARRISON, HARVEY,
 BRANZBURG & ELLERS LLP
919 N. Market Street, Suite 1000
Wilmington, Delaware 19809-3062
(302) 426-1189

- and –

Sheldon Raab, Esq.
Eric A. Hirsch, Esq.
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Attorneys for Defendant
Goldman, Sachs & Co.

5

DEL1 63333-1