# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 1178796 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

H  
Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court, E.D. Pennsylvania.  
Kahil GRANT, Plaintiff,  
v.  
KINGSWOOD APARTMENTS, Morgan Properties, Doreen Antonucci, Defendants  
**No. CIV. A. 01-1523.**

Oct. 2, 2001.

Giles, C.J.

MEMORANDUM

*1 Kahlil Grant ("Grant") filed a complaint with this court seeking compensatory and punitive damages against Kingswood Apartments, Morgan Properties, and Doreen Antonucci, (collectively "defendants"), for violation of the Fair Housing Act, 42 U.S.C. § 3604(b) (Count 1), and for state law breach of warranty of habitability (Count 2), fraud (Count 3), negligence/breach of contract (Count 4), and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count 5), 73 Pa. Cons.Stat. § 201. Defendants have moved to dismiss the fraud and UTPCPL claims, Counts 3 and 5 respectively, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, the claim for punitive damages under breach of warranty of habitability and the claimed violation of the covenant of quiet enjoyment of premises, Count 2, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted.

I. Facts

The complaint alleges the following facts which the court considers true for the purposes of defendants' motion. In November 1998, Grant, an African-American male, rented an apartment in the Kingswood Apartments. (Compl.¶ 10.) Defendants had advertised the apartment complex as a means to "Experience Quality Living" and as "Comfortable Apartment Homes." (Id.¶ 12.) The lessee is required to sign an acceptance of the rules of the apartment complex. (Id.¶ 14.) One of the rules states that "residents are not permitted to act in any manner that will interfere with the rights, comforts and convenience of other residents." (Id.¶ 13.)

Over the last two years, Grant complained to the apartment management through

multiple letters and phone calls about excessive noise of tenants who live upstairs from him. (Id.¶ 18.) Defendants failed to enforce the rules to control that noise. (Id.) The majority of the tenants in the apartment complex are white. The tenants who live above Grant are white. (Id.¶¶ 16, 17, 24.) Finally, to avoid noise, Grant left the apartment. (Id.¶ 21.)

II. Discussion

*A. Fraud*

Defendants argue that Grant has failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure since he has not pled a claim of fraud with the requisite specificity. They aver that plaintiff has failed to allege (1) a specific misrepresentation of material fact; (2) the person or persons who allegedly made the misrepresentations; and (3) that the person who allegedly made misrepresentations did so with fraudulent intent. (Mem. of Law in Supp. of Mot. to Dismiss at 3.) Rule 9(b) of the Federal Rules of Civil Procedure requires that an allegation of fraud be pled with specificity. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).

Grant alleges that, although defendants represented that they would uniformly enforce the apartment rule requiring all tenants to respect the comfort and peace of other tenants, they refused to enforce this rule for his benefit because he is African-American and the tenants against whom he was complaining are white. (Compl.¶¶ 23, 37.) He alleges further that defendants never intended to enforce this rule even though they promised at the signing of the lease that they would. (Id.) To state a claim for fraud, a plaintiff must plead: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2001 WL 1178796 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

upon it to his or her damage. Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir.1992). "There is a special kind of proximate cause requirement for fraud and misrepresentation, and plaintiff must demonstrate that a specific statement caused a specific harm." Sun Co., Inc., v. Badger Design & Constructors, Inc., 939 F.Supp. 365, 369 (E.D.Pa.1996) (quoting Hurt v. Philadelphia Hous. Auth., 806 F.Supp. 515, 530 n. 25 (E.D.Pa.1992)). Plaintiff must inject precision and some measure of substantiation into the allegations of fraud specifying who, what, when, where, and how. See Sun Co., 939 F.Supp. at 369.

*2 Plaintiff has provided no substantiation of his allegations of fraud; namely, that Kingswood management knew, when they permitted plaintiff to sign the lease, that they would not enforce the apartment rule to prevent one tenant from interfering with the rights of another. (Compl. Ex. 2, Kingswood Rules & Regulations.) The complaint alleges that when plaintiff signed the lease, "he was led to believe that the apartment complex would enforce all of the rules in a fair, effective, and evenhanded manner," and instead "the management had no intention of uniformly enforcing its own rules," or "enforcing the rules against all tenants." (Compl.¶ ¶ 33-37.) These are conclusory allegations with no substantiation, and thus they do not meet Rule 9(b)'s specificity requirement.

Grant attempts to rely on defendants' alleged failure to enforce the apartment rules as proof of fraud. (Pl.'s Answer at 3.) However, as pled, this fraud count really only states a claim for alleged breach of warranty of habitability and a violation of covenant of quiet enjoyment of the premises. In the count for breach of warranty of habitability and violation of covenant of quiet enjoyment of the premises, plaintiff alleges that "[t]he failure of the defendants to enforce the rules and curb the noisy habits of the noisy tenants Breached [sic] the Warranty [sic] of habitability and violated the covenant of quiet enjoyment of the premises." (Compl.¶ 30.) Plaintiff's fraud count rewords this warranty of habitability claim and alleges that defendants had no intention of enforcing the apartment complex rules that forbade the problematic noise, when they implied that they would. (Compl.¶ 37.) In rewording Count 2, plaintiff fails to inject any factual precision or substantiation for a fraud claim as required by Rule 9(b).

In addition, even assuming that defendants did breach a warranty of habitability and a covenant of quiet enjoyment of the premises, "the mere non-performance of an agreement is not evidence of fraud." See Sun Co., 939 F.Supp. at 369 (quoting Oxford Indus., Inc. v. Luminco, Inc., C.I.V.A.86-6417, 1991 WL 87928, *4 (E.D.Pa. May 22, 1991)). An unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made, and a fraudulent intention will not be inferred from mere nonperformance. Oxford Indus., 1991 WL 87928, at *4 (noting that it is well-settled under Pennsylvania law that an oral promise to do something in the future is not a proper basis for a cause of action for fraud). Pleading non-performance is not sufficient to allege a fraud claim.

*3 *B. Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law*

In Count 5, entitled "Violation of Pa Unfair Trade Practices Act," Grant states that "most or all of the acts alleged above, particularly breach of Warranty [sic] of habitability and false advertising constitute violation of Pa Unfair Trade Practices Act." [FN1] (Compl.57 48.) Defendants argue that the claims under the UTPCPL should be dismissed because the UTPCPL is aimed at fraud prevention and as such, a violation of the UTPCPL must be averred with the same particularity as a fraud claim. (Defs.' Mem. of Law in Resp. at 3.)

> FN1. The UTPCPL statute lists a series of practices that constitute "unfair methods of competition" and "unfair or deceptive acts or practices." 73 Pa. Cons.Stat. § 201-2(4). For purposes of this motion, the court will assume that plaintiff is attempting to allege violations of the UTPCPL based on breach of warranty of habitability and false advertising. It is not clear whether plaintiff is also stating a claim under the "catch-all fraud clause" of the UTPCPL which states "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." Id. § 201-2(4)(xxi). Count 3 of the complaint is a claim of common-law fraud which appears to be incorporated by plaintiff incorporating all of the above allegations into the count for a violation of UTPCPL. (Id.¶ 47.)

There is no clearly settled Pennsylvania law on the question of whether all claims of a violation of the UTPCPL must be pled with the same specificity as a common-law fraud claim. Compare Lindstrom v. Pennswood Village, 417 Pa.Super. 495, 612 A.2d

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1178796 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

1048, 1052 (Pa.Super.Ct.1992) (finding that all claims of violations of the UTPCPL must be pled with the same specificity as required of common-law fraud) with *Dilucido v. Terminex Intern., Inc.,* 450 Pa.Super. 393, 676 A.2d 1237, 1241 (Pa.Super.Ct.1996) (finding that plaintiffs are not required to prove elements of common-law fraud for all claims of "unfair methods of competition" and "unfair or deceptive acts or practices" under the UTPCPL). Therefore, this court must predict how the Pennsylvania Supreme Court would decide this issue, based on existing state precedent. *See Comm'r of Internal Revenue v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

This court predicts that, if faced with this precise issue, the Pennsylvania Supreme Court would conclude that all claims of "unfair methods of competition" or "unfair or deceptive acts or practices" under the UTPCPL must be pled with the same specificity as a common-law fraud claim. In so concluding, this court joins the opinion of another Eastern District of Pennsylvania court that has addressed this issue. *See Heller v. Shaw Industries, Inc.,* No. CIV.A.95-7657, 1997 WL 53516, at *20 (E.D.Pa. Aug. 18, 1997) (holding that to maintain a cause of action under the UTPCPL, plaintiffs must show the essential elements of fraud: (1) material misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded by the misrepresentation; and (5) damages to the party defrauded as a proximate result).

The Pennsylvania Superior Court's panels have not been in agreement as to a precise rule concerning the specificity of pleading required for a claim of a violation of the UTPCPL. One Superior Court panel held that because the UTPCPL is aimed at fraud prevention, all such claims must be pled with the same specificity as required for common-law fraud claims. *See Lindstrom,* 612 A.2d at 1052. Other Pennsylvania Superior Court panels have differentiated between claims of a violation of the UTPCPL based on its "catch-all fraud provision," 73 P.S. § 201-2(4)(xxi) (2001)," as contrasted to a violation of a provision, such as false advertising. Those panels have held that a UTPCPL claim based on the catch-all fraud provision requires a claim to be pled with specificity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure or Rule 1019(b) of the Pennsylvania Rules of Civil Procedure. *See Prime Meats, Inc. v. Yochim,* 422 Pa.Super. 460, 619 A.2d 769, 774-75 (Pa.Super.Ct.1993) (stating that the catch-all fraud provision of the UTPCPL requires proof and pleading of common-law fraud); *Rizzo v. Michener,* 401 Pa.Super. 47, 584 A.2d 973, 980 (Pa.Super.Ct.1990) (holding that to recover under the catch-all fraud provision of the UTPCPL, the elements of common-law fraud must be proven); *cf. Gabriel v. O'Hara,* 368 Pa.Super. 383, 534 A.2d 488, 495 (Pa.Super.Ct.1987) (holding that violations of the UTPCPL could be analogized as multiple types of claims such as "passing off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty"); *Dilucido,* 676 A.2d at 1241 (finding that plaintiffs are not required to prove elements of common law fraud for all claims of "unfair methods of competition" and "unfair or deceptive acts or practices" under the UTPCPL).

*4 *Weinberg v. Sun Co., Inc.,* 777 A.2d 442, 2001 WL 844463, *1 (Pa. July 26, 2001) [*Weinberg II*], is the best indicator of the Pennsylvania Supreme Court's position on whether all claims of violations of the UTPCPL have to be pled with particularity. *Weinberg II* raised the issue of whether the Superior Court was correct in finding error with the trial court for not differentiating between claims of fraud and false advertising under the UTPCPL. *Id.* at *1. The Superior Court had concluded that plaintiffs who alleged false advertising under the UTPCPL, as opposed to fraud, did not have to show individual reliance and causation. *Weinberg II,* at *1. That panel based its holding on Superior Court precedent that differentiated between claims of false advertising and fraud-based claims under the UTPCPL and found that the elements of proof differed for the two causes of action. *Id.* (citing *DiLucido,* 676 A.2d at 1237).

The Pennsylvania Supreme Court overruled the Superior Court decision, *Weinberg v. Sun Co., Inc.,* 740 A.2d 1152 (Pa.Super.Ct.1999) [*Weinberg I*], and held that a private plaintiff must prove reliance and causation in false advertising claims under the UTPCPL. *Id.* at *3. Specifically, the court found that in a private action under the UTPCPL, the underlying foundation is fraud prevention and "nothing in the legislative history suggests that the legislature ever intended statutory language directed against consumer fraud to do away with the traditional common law elements of reliance and causation." *Id.* at *3.

*5 Accordingly, this court finds that a plaintiff must plead a claim of a violation of the UTPCPL with the same specificity as a claim for common-law fraud. As discussed *supra,* plaintiff has failed to state a cause of action for common-law fraud. Therefore,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 1178796 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

plaintiff has failed to plead a violation of the UTPCPL sufficiently.

*C. Punitive Damages as a Remedy for a Breach of Warranty of Habitability*

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts as true all well-pled factual allegations contained in the complaint and draws all reasonable inferences in favor of the non-movant. Only if a court concludes that a plaintiff would not be entitled to relief under any set of facts consistent with their allegations, can a court grant a defendant's motion to dismiss pursuant to Rule 12(b)(6). *Jordan v. Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

The Pennsylvania Supreme Court has found that "[p]unitive damages may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others ... Punitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive." *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747-48 (Pa.1984). Plaintiff alleges that defendants, because he is black, ignored his complaints and did not stop white tenants from making noise at a level that violated the rules of the apartment complex. (Compl.¶¶ 20, 23.) However, plaintiff has not pled that defendants acted intentionally, recklessly, or maliciously. Such is necessary to state a claim for punitive damages. Thus, plaintiff's claim for punitive damages under Count 2, breach of warranty of habitability and violation of covenant of quiet enjoyment of premises, has a pleading deficiency.

IV. Conclusion

For the above reasons, defendants' motion to dismiss is granted. Plaintiff's claims for fraud under *Count 3* and for violation of the UTPCPL under *Count 5* are dismissed *without prejudice*. Plaintiff may be granted leave to amend these Counts at the close of discovery only if evidence has been adduced to support the essential pleading requirements. If a motion to amend is filed, plaintiff must specify under which subdivision of the UTPCPL, 73 Pa. Cons.Stat. § 201-2(4), he is seeking relief. The claim for punitive damages for breach of warranty of habitability and violation of the covenant of quiet enjoyment, *Count 2,* is *dismissed with prejudice.*

An appropriate Order follows.

E.D.Pa.,2001.  
Grant v. Kingswood Apartments  
Not Reported in F.Supp.2d, 2001 WL 1178796 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:01CV01523 (Docket) (Mar. 29, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.