equitable defense which the Debtors had immediately prior to the Commencement Date, against or with respect to any Claim left unimpaired by the Plan of Reorganization. The Reorganized Debtors shall have, retain, reserve, and be entitled to assert all such claims, causes of action, rights of setoff, and other legal or equitable defenses which they had immediately prior to the Commencement Date fully as if the Reorganization Cases had not been commenced, and all of the Reorganized Debtors' legal and equitable rights respecting any Claim left unimpaired by the Plan of Reorganization may be asserted after the Confirmation Date to the same extent as if the Reorganization Cases had not been commenced.

## SECTION 11.  RETENTION OF JURISDICTION

On and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising in, arising under, and related to the Reorganization Cases for, among other things, the following purposes:

(a)     To hear and determine applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of Claims resulting therefrom.

(b)     To determine any motion, adversary proceeding, application, contested matter, and other litigated matter pending on or commenced after the Confirmation Date.

(c)     To ensure that distributions to holders of Allowed Claims are accomplished as provided herein.

(d)     To consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim, Administrative Claim, or Equity Interest.

(e)     To enter, implement, or enforce such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated.

(f)     To issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any person with the consummation, implementation, or enforcement of the Plan of Reorganization, the Confirmation Order, or any other order of the Bankruptcy Court.

(g)     To hear and determine any application to modify the Plan of Reorganization in accordance with section 1127 of the Bankruptcy Code, to remedy any defect or omission or reconcile any inconsistency in the Plan of Reorganization, the disclosure statement for the Plan or Reorganization, or any order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects thereof.

(h)     To hear and determine all applications under sections 330, 331, and 503(b) of the Bankruptcy Code for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Confirmation Date.

(i)     To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan of Reorganization, the Confirmation Order, any transactions or payments contemplated hereby, or any agreement, instrument, or other document governing or relating to any of the foregoing.

(j)     To take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan of Reorganization or to maintain the integrity of the Plan of Reorganization following consummation.

(k)     To hear any disputes arising out of, and to enforce, the order approving alternative dispute resolution procedures to resolve personal injury, employment litigation, and similar claims pursuant to section 105(a) of the Bankruptcy Code.

(l)     To determine such other matters and for such other purposes as may be provided in the Confirmation Order.

(m)     To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code.

(n)     To hear and determine any other matters related hereto and not inconsistent with the Bankruptcy Code and title 28 of the United States Code.

(o)     To enter a final decree closing the Reorganization Cases.

(p)     To recover all assets of the Debtors and property of the Debtors' estates, wherever located.

## SECTION 12.   MISCELLANEOUS PROVISIONS

### 12.1.   *Payment of Statutory Fees.*

On the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of chapter 123 of title 28 of the United States Code.

### 12.2.   *Retiree Benefits.*

On and after the Effective Date, pursuant to section 1129(a)(13) of the Bankruptcy Code, the Reorganized Debtors shall continue to pay all retiree benefits of the Debtors (within the meaning of section 1114 of the Bankruptcy Code), at the level established in accordance with section 1114 of the Bankruptcy Code, at any time prior to the Confirmation Date, for the duration of the period for which the Debtors had obligated themselves to provide such benefits.

### 12.3.   *Dissolution of Statutory Committees of Unsecured Creditors.*

The respective statutory committees of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code in the Genesis Reorganization Cases and the Multicare Reorganization Cases shall dissolve on the Effective Date, except that such statutory committees shall have the right to review and object to any applications for compensation and reimbursement of expenses filed in accordance with Section 2.2 hereof.

### 12.4.   *Substantial Consummation.*

On the Effective Date, the Plan of Reorganization shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

12.5.   *Amendments.*

(a)   *Plan of Reorganization Modifications.* The Plan of Reorganization may be amended, modified, or supplemented by the Debtors or the Reorganized Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, with the prior written consent of Mellon Bank, N.A., as administrative agent under the Genesis Senior Lender Agreements, the Multicare Senior Lender Agreements, and the Revolving Credit and Guaranty Agreements described in Section 2.4 hereof and the respective statutory committee of unsecured creditors appointed in the Genesis Reorganization Cases and Multicare Reorganization Cases, to the extent that such amendment, modification, or supplement would adversely and materially affect the treatment of the Senior Lender Claims, the Genesis General Unsecured Claims, and the Multicare General Unsecured Claims, respectively, except as the Bankruptcy Court may otherwise direct. In addition, after the Confirmation Date, so long as such action does not materially adversely affect the treatment of holders of Claims or Equity Interests under the Plan of Reorganization, the Debtors may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan of Reorganization or the Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan of Reorganization.

(b)   *Other Amendments.* Prior to the Effective Date the Debtors may make appropriate technical adjustments and modifications to the Plan of Reorganization without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Equity Interests.

12.6.   *Revocation or Withdrawal of the Plan.*

The Debtors reserve the right to revoke or withdraw the Plan prior to the Effective Date. If the Debtors take such action, the Plan of Reorganization shall be deemed null and void.

12.7.   *Severability.*

If, prior to the entry of the Confirmation Order, any term or provision of the Plan of Reorganization is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Debtors, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan of Reorganization will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan or Reorganization, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

12.8.   *Governing Law.*

Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an Exhibit hereto or a schedule in the Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan of Reorganization shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

AA. 812

12.9.   *Time.*

In computing any period of time prescribed or allowed by the Plan of Reorganization, unless otherwise set forth herein or determined by the Bankruptcy Court, the provisions of Bankruptcy Rule 9006 shall apply.

12.10.   *Notices.*

All notices, requests, and demands to or upon the Debtors to be effective shall be in writing (including by facsimile transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

> Genesis Health Ventures, Inc.
> 101 East State Street
> Kennett Square, Pennsylvania 19348
> Attn: James J. Wankmiller, Esq.
> Corporate Secretary and General Counsel
> Telephone: (610) 444-6350
> Telecopier: (610) 444-3365

> - and -

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> Attn: Michael F. Walsh, Esq.
>        Gary T. Holtzer, Esq.
> Telephone: (212) 310-8000
> Telecopier: (212) 310-8007

> - and -

> Richards, Layton & Finger P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> Attn: Mark D. Collins, Esq.
> Telephone: (302) 658-6541
> Telecopier: (302) 658-6548

> - and –

> The Multicare Companies, Inc.
> 101 East State Street
> Kennett Square, Pennsylvania 19348
> Attn: James J. Wankmiller, Esq.
> Corporate Secretary and General Counsel
> Telephone: (610) 444-6350
> Telecopier: (610) 444-3365

- and –

Willkie Farr & Gallagher
787 Seventh Avenue
New York, New York 10019-6099
Attn: Marc Abrams, Esq.
        Paul V. Shalhoub, Esq.
Telephone: (212) 728-8000
Telecopier: (212) 728-8111

- and –

Young Conaway Stargatt & Taylor
11th Floor, Wilmington Trust Company
P.O. Box 391
Wilmington, Delaware  19899-0391
Attn: James J. Patton, Esq.
        Robert S. Brady, Esq.
Telephone: (302) 571-6600
Telecopier: (302) 571-1253


Dated:  Wilmington, Delaware
        July 6, 2001

Respectfully submitted,

GENESIS HEALTH SERVICES CORPORATION
GENESIS HEALTH VENTURES, INC.
ACCUMED, INC.
ASCO HEALTHCARE, INC.
ASCO HEALTHCARE OF NEW ENGLAND, INC.
BRINTON MANOR, INC.
BURLINGTON WOODS CONVALESCENT CENTER, INC.
CARECARD, INC.
CAREFLEET, INC.
CHELTENHAM LTC MANAGEMENT, INC.
COMPASS HEALTH SERVICES, INC.
CONCORD HEALTHCARE CORPORATION
CONCORD PHARMACY SERVICES, INC.
CRESTVIEW CONVALESCENT HOME, INC.
CRESTVIEW NORTH, INC.
CRYSTAL CITY NURSING CENTER, INC.
DELCO APOTHECARY, INC.
DERBY NURSING CENTER CORPORATION
DIANE MORGAN AND ASSOCIATES, INC.
DOVER HEALTHCARE ASSOCIATES, INC.
EASTERN MEDICAL SUPPLIES, INC.
EASTERN REHAB SERVICES, INC.
EIDOS, INC.

AA. 814

ENCARE OF MASSACHUSETTS, INC.
GENESIS ELDERCARE ADULT DAY HEALTH SERVICES, INC.
GENESIS ELDERCARE DIAGNOSTIC SERVICES, INC.
GENESIS ELDERCARE HOME CARE SERVICES, INC.
GENESIS ELDERCARE HOME HEALTH SERVICES-
    SOUTHERN, INC.
GENESIS ELDERCARE HOSPITALITY SERVICES, INC.
GENESIS ELDERCARE MANAGEMENT SERVICES, INC.
GENESIS ELDERCARE NETWORK SERVICES, INC.
GENESIS ELDERCARE NATIONAL CENTERS, INC.
GENESIS ELDERCARE NETWORK SERVICES OF
    MASSACHUSETTS, INC.
GENESIS ELDERCARE PHYSICIAN SERVICES, INC.
GENESIS ELDERCARE PROPERTIES, INC.
GENESIS ELDERCARE REHABILITATION
    MANAGEMENT SERVICES, INC.
GENESIS ELDERCARE REHABILITATION SERVICES,
    INC.
GENESIS ELDERCARE STAFFING SERVICES, INC.
GENESIS ELDERCARE TRANSPORTATION SERVICES,
    INC.
GENESIS HEALTH VENTURES OF ARLINGTON, INC.
GENESIS HEALTH VENTURES OF BLOOMFIELD, INC.
GENESIS HEALTH VENTURES OF CLARKS SUMMIT,
    INC.
GENESIS HEALTH VENTURES OF INDIANA, INC.
GENESIS HEALTH VENTURES OF LANHAM, INC.
GENESIS HEALTH VENTURES OF MASSACHUSETTS,
    INC.
GENESIS HEALTH VENTURES OF NAUGATUCK, INC.
GENESIS HEALTH VENTURES OF NEW GARDEN, INC.
GENESIS HEALTH VENTURES OF POINT PLEASANT,
    INC.
GENESIS HEALTH VENTURES OF WAYNE, INC.
GENESIS HEALTH VENTURES OF WEST VIRGINIA, INC.
GENESIS HEALTH VENTURES OF WILKES-BARRE, INC.
GENESIS HEALTH VENTURES OF WINDSOR, INC.
GENESIS HEALTHCARE CENTERS HOLDINGS, INC.
GENESIS HOLDINGS, INC.
GENESIS IMMEDIATE MED CENTER, INC.
GENESIS PROPERTIES OF DELAWARE CORPORATION
GENESIS SELECTCARE CORP.
GERIATRIC & MEDICAL COMPANIES, INC.
GERIATRIC AND MEDICAL SERVICES, INC.
GERIATRIC AND MEDICAL INVESTMENTS
    CORPORATION
GERIMED CORP.
GMC LEASING CORPORATION
GMC MEDICAL CONSULTING SERVICES, INC.
GMS MANAGEMENT-TUCKER, INC.
GMS MANAGEMENT, INC.

GOVERNOR'S HOUSE NURSING HOME, INC.
HEALTH CONCEPTS AND SERVICES, INC
HEALTHCARE RESOURCES CORP.
HEALTHOBJECTS CORPORATION
HILLTOP HEALTH CARE CENTER, INC.
HORIZON MEDICAL EQUIPMENT AND SUPPLY, INC.
INNOVATIVE HEALTH CARE MARKETING, INC.
INNOVATIVE PHARMACY SERVICES, INC.
INSTITUTIONAL HEALTH CARE SERVICES, INC.
KEYSTONE NURSING HOME, INC.
KNOLLWOOD MANOR, INC.
KNOLLWOOD NURSING HOME, INC.
LIFE SUPPORT MEDICAL EQUIPMENT, INC.
LIFE SUPPORT MEDICAL, INC.
LINCOLN NURSING HOME, INC.
MANOR MANAGEMENT CORP. OF GEORGIAN MANOR,
    INC.
MCKERLEY HEALTH CARE CENTERS, INC.
MEDICAL SERVICES GROUP, INC.
MERIDIAN HEALTH, INC.
MERIDIAN HEALTHCARE, INC.
METRO PHARMACEUTICALS, INC.
NATIONAL PHARMACY SERVICE, INC.
NEIGHBORCARE INFUSION SERVICES, INC.
NEIGHBORCARE-MEDISCO, INC.
NEIGHBORCARE OF NORTHERN CALIFORNIA, INC.
NEIGHBORCARE OF OKLAHOMA, INC.
NEIGHBORCARE OF VIRGINIA, INC.
NEIGHBORCARE OF WISCONSIN, INC.
NEIGHBORCARE PHARMACIES, INC.
NEIGHBORCARE PHARMACY SERVICES, INC.
NEIGHBORCARE-ORCA, INC.
NEIGHBORCARE-TCI, INC.
NETWORK AMBULANCE SERVICES, INC.
OAK HILL HEALTH CARE CENTER, INC.
PHARMACY EQUITIES, INC.
PHILADELPHIA AVENUE CORPORATION
PROFESSIONAL PHARMACY SERVICES, INC.
PROSPECT PARK LTC MANAGEMENT, INC.
STATE STREET ASSOCIATES, INC.
SUBURBAN MEDICAL SERVICES, INC.
THE TIDEWATER HEALTHCARE SHARED SERVICES
    GROUP, INC.
THERAPY CARE, INC.
TRANSPORT SERVICES, INC.
UNITED HEALTH CARE SERVICES, INC.
VALLEY MEDICAL SERVICES, INC.
VALLEY TRANSPORT AMBULANCE SERVICE, INC.
VERSALINK, INC.
VILLAS REALTY & INVESTMENTS, INC.
WALNUT LTC MANAGEMENT, INC.

WAYSIDE NURSING HOME, INC.
WEISENFLUH AMBULANCE SERVICE, INC.
WEST PHILA. LTC MANAGEMENT, INC.
WYNCOTE HEALTHCARE CORP.
YORK LTC MANAGEMENT, INC.

BY:  GENESIS HEALTH VENTURES, INC., as agent and attorney-in-fact for
      each of the foregoing entities

         By:    _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer


ASCO HEALTHCARE OF NEW ENGLAND, LIMITED PARTNERSHIP

BY:  ASCO HEALTHCARE OF NEW ENGLAND, INC., its
      General Partner

         By:    _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer


BREVARD MERIDIAN LIMITED PARTNERSHIP
CATONSVILLE MERIDIAN LIMITED PARTNERSHIP
EASTON MERIDIAN LIMITED PARTNERSHIP
GREENSPRING MERIDIAN LIMITED PARTNERSHIP
HAMMONDS LANE MERIDIAN LIMITED PARTNERSHIP
MERIDIAN EDGEWOOD LIMITED PARTNERSHIP
MERIDIAN PERRING LIMITED PARTNERSHIP
MERIDIAN VALLEY LIMITED PARTNERSHIP
MERIDIAN VALLEY VIEW LIMITED PARTNERSHIP
MERIDIAN/CONSTELLATION LIMITED PARTNERSHIP
MILLVILLE MERIDIAN LIMITED PARTNERSHIP

BY:  MERIDIAN HEALTHCARE, INC., as General Partner of
      each of the foregoing limited partnerships

         By:    _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer

CARE4, L.P.

BY: INSTITUTIONAL HEALTH CARE SERVICES, INC., its
General Partner

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


EDELLA STREET ASSOCIATES

BY: GENESIS HEALTH VENTURES OF CLARK SUMMIT,
INC., its General Partner

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


GENESIS-GEORGETOWN SNF/JV, LIMITED LIABILITY
COMPANY
RESPIRATORY HEALTH SERVICES, L.L.C.

BY: GENESIS HEALTH VENTURES, INC., its Member

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


GENESIS ELDERCARE EMPLOYMENT SERVICES, LLC

BY: GENESIS ELDERCARE MANAGEMENT SERVICES,
INC., its Member

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer

GENESIS HEALTH VENTURES OF WEST VIRGINIA,
LIMITED PARTNERSHIP

BY:  GENESIS HEALTH VENTURES OF WEST VIRGINIA,
INC., its General Partner

By:    _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


GENESIS PROPERTIES LIMITED PARTNERSHIP

BY:  GENESIS HEALTH VENTURES OF ARLINGTON,
INC., its General Partner

By:    _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


GENESIS PROPERTIES OF DELAWARE LTD.
PARTNERSHIP, L.P.

BY:  GENESIS PROPERTIES OF DELAWARE
CORPORATION, its General Partner

By:    _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


HALLMARK HEALTHCARE LIMITED PARTNERSHIP

BY:  PHARMACY EQUITIES, INC., its General Partner

By:    _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer


MAIN STREET PHARMACY, L.L.C.

BY:  PROFESSIONAL PHARMACY SERVICES, INC., its
Member

By:    _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer

MCKERLEY HEALTH CARE CENTER-CONCORD LIMITED
    PARTNERSHIP

BY:  MCKERLEY HEALTH CARE CENTER-CONCORD,
    INC., its General Partner

        By: _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer


MCKERLEY HEALTH FACILITIES
SEMINOLE MERIDIAN LIMITED PARTNERSHIP
VOLUSIA MERIDIAN LIMITED PARTNERSHIP

BY:  MERIDIAN HEALTH, INC., as General Partner of each of
    the foregoing Limited Partnerships

        By: _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer


NORRISTOWN NURSING AND REHABILITATION CENTER ASSOCIATES,
LIMITED PARTNERSHIP

BY:  GMC-LTC MANAGEMENT, INC., its General Partner

        By: _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer


NORTH CAPE CONVALESCENT CENTER ASSOCIATES,
    L. P.
NORTHWEST TOTAL CARE CENTER ASSOCIATES, L. P.

BY:  GERIATRIC AND MEDICAL SERVICES, INC., as
    General Partner for each of the foregoing Limited
    Partnerships

        By: _____
                Name: George V. Hager, Jr.
                Title: Executive Vice President, Chief Financial Officer

PHILADELPHIA AVENUE ASSOCIATES

BY: PHILADELPHIA AVENUE CORPORATION, its General
    Partner

    By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


RIVER RIDGE PARTNERSHIP
RIVER STREET ASSOCIATES

BY: GENESIS HEALTH VENTURES OF WILKES-BARRE,
    INC., as General Partner for each of the foregoing Limited
    Partnerships

    By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


STATE STREET ASSOCIATES, L.P.

BY: STATE STREET ASSOCIATES, INC., its General Partner

    By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


THERAPY CARE SYSTEMS, LP

BY: GENESIS ELDERCARE REHABILITATION
    SERVICES, INC., its General Partner

    By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


MULTICARE AMC, INC.
ADS PALM CHELMSFORD, INC.
ADS RESERVOIR WALTHAM, INC.
MARKGLEN, INC.
ACADEMY NURSING HOME, INC.
ADS CONSULTING, INC.
ADS HINGHAM ALF, INC.
ADS HOME HEALTH, INC.
ADS VILLAGE MANOR, INC.

ANR, INC.
APPLEWOOD HEALTH RESOURCES, INC.
ASL, INC.
AUTOMATED PROFESSIONAL ACCOUNTS, INC.
BERKS NURSING HOME, INC.
BETHEL HEALTH RESOURCES, INC.
BREYUT CONVALESCENT CENTER, INC.
BRIGHTWOOD PROPERTY, INC.
CENTURY CARE CONSTRUCTION, INC.
CENTURY CARE MANAGEMENT, INC.
CHEATEAU VILLAGE HEALTH RESOURCES, INC.
CHG INVESTMENT CORP., INC.
CHNR - 1, INC.
COLONIAL HALL HEALTH RESOURCES, INC.
COLONIAL HOUSE HEALTH RESOURCES, INC.
CONCORD CAMPANION CARE, INC.
CONCORD HEALTHCARE SERVICES, INC.
CONCORD HEALTH GROUP, INC.
CONCORD HOME HEALTH, INC.
CONCORD REHAB, INC.
CONCORD SERVICE CORPORATION
CVNR, INC.
DAWN VIEW MANOR, INC.
DELM NURSING, INC.
ELDERCARE RESOURCES CORP.
ELMWOOD HEALTH RESOURCES, INC.
ENCARE OF MENDHAM, INC.
ENCARE OF PENNYPACK, INC.
ENR, INC.
GENESIS ELDERCARE CORP.
GLENMARK ASSOCIATES - DAWN VIEW MANOR, INC.
GLENMARK PROPERTIES, INC.
GMA - BRIGHTWOOD, INC.
GMA - MADISON, INC.
GMA - CONSTRUCTION, INC.
GMA UNIONTOWN, INC.
HEALTH RESOURCES OF ACADEMY MANOR, INC.
HEALTH RESOURCES OF BOARDMAN, INC.
HEALTH RESOURCES OF BRIDGETON, INC.
HEALTH RESOURCES OF BROOKLYN, INC.
HEALTH RESOURCES OF CEDAR GROVE, INC.
HEALTH RESOURCES OF CINNAMINSON, INC.
HEALTH RESOURCES OF COLCHESTER, INC.
HEALTH RESOURCES OF COLUMBUS, INC.
HEALTH RESOURCES OF CRANBURY, INC.
HEALTH RESOURCES OF ENGLEWOOD, INC.
HEALTH RESOURCES OF EATONTOWN, INC.
HEALTH RESOURCES OF EWING, INC.
HEALTH RESOURCES OF FARMINGTON, INC.
HEALTH RESOURCES OF GARDNER, INC.
HEALTH RESOURCES OF GLASTONBURY, INC.

HEALTH RESOURCES OF JACKSON, INC.
HEALTH RESOURCES OF KARAMENTA AND MADISON, INC.
HEALTH RESOURCES OF LAKEVIEW, INC.
HEALTH RESOURCES OF LEMONT, INC.
HEALTH RESOURCES OF LYNN, INC.
HEALTH RESOURCES OF MARCELLA, INC.
HEALTH RESOURCES OF MONTCLAIR, INC.
HEALTH RESOURCES OF MORRISTOWN, INC.
HEALTH RESOURCES OF NORFOLK, INC
HEALTH RESOURCES OF NORTH ANDOVER, INC.
HEALTH RESOURCES OF NORWALK, INC.
HEALTH RESOURCES OF PENNINGTON, INC.
HEALTH RESOURCES OF RIDGEWOOD, INC.
HEALTH RESOURCES OF ROCKVILLE, INC.
HEALTH RESOURCES OF SOLOMONT/BROOKLINE, INC.
HEALTH RESOURCES OF SOUTH BRUNSWICK, INC.
HEALTH RESOURCES OF TROY HILL, INC.
HEALTH RESOURCES OF VOORHEES, INC.
HEALTH RESOURCES OF WESTWOOD, INC.
HEALTHCARE REHAB SYSTEMS, INC.
HELSTAT, INC.
HMNR REALTY, INC.
HNCA, INC.
HORIZON MOBILE, INC.
HORIZON REHABILITATION, INC.
SCHUYLKILL NURSING HOMES, INC.
SCHUYLKILL PARTNERSHIP ACQUISITION CORPORATION
SCOTCHWOOD MASS. HOLDING CO., INC.
SENIOR LIVING VENTURES, INC.
SENIOR SOURCE, INC.
SNOW VALLEY HEALTH RESOURCES, INC.
SVNR, INC.
THE ADS GROUP, INC.
RIDGELAND HEALTH RESOURCES, INC.
RIVER PINES HEALTH RESOURCES, INC.
RIVERSHORES HEALTH RESOURCES, INC.
RLNR, INC.
ROPHEL CONVALESCENT CENTER, INC.
ROSE HEALTHCARE, INC.
ROSE VIEW MANOR, INC.
ROXBOROUGH NURSING HOME, INC.
RSNR, INC.
LWNR, INC.
MABRI CONVALESCENT CENTER, INC.
MARSHFIELD HEALTH RESOURCES, INC.
MHNR, INC.
MNR, INC.
MONTGOMERY NURSING HOMES, INC.
MULTICARE HOME HEALTH OF ILLINOIS, INC.
NORTHWESTERN MANAGEMENT SERVICES, INC.
NURSING AND RETIREMENT CENTER OF THE ANDOVERS, INC.

ARACADIA ASSOCIATES
PHC OPERATING CORP.
POCOHANTAS CONTINUOUS CARE CENTER, INC.
POMPTON CARE, INC.
PRESCOTT NURSING HOME, INC.
PROGRESSIVE REHABILITATION CENTERS, INC.
PROVIDENCE FUNDING CORPORATION
PROVIDENCE HEALTH CARE, INC.
PROVIDENCE MEDICAL, INC.
REST HAVEN NURSING HOME, INC.
HR OF CHARLESTON, INC.
HRWV HUNTINGTON, INC.
LAKEWOOD HEALTH RESOURCES, INC.
LAUREL HEALTH RESOURCES, INC.
LEHIGH NURSING HOMES, INC.
LRC HOLDING COMPANY
S.T.B. INVESTORS, LTD.
THE ASSISTED LIVING ASSOCIATES OF BERKSHIRE, INC.
THE ASSISTED LIVING ASSOCIATES OF LEHIGH, INC.
THE ASSISTED LIVING ASSOCIATES OF SANATOGA, INC.
THE ASSISTED LIVING ASSOCIATES OF WALL, INC.
THE HOUSE OF CAMPBELL, INC.
TM ACQUISITION CORP.
TRI-STATE MOBILE MEDICAL SERVICES, INC.
WILLOW MANOR NURSING HOME, INC.
WESTFORD NURSING AND RETIREMENT CENTER, INC.
RVNR, INC.
HORIZON ASSOCIATES, INC.
HEALTH RESOURCES OF WARWICK, INC.
HEALTH RESOURCES OF WALLINGFORD, INC.
HEALTH RESOURCES OF MIDDLETOWN (RI), INC.
HEALTH RESOURCES OF GROTON, INC.
HEALTH RESOURCES OF CUMBERLAND, INC.
HEALTH RESOURCES OF ARCADIA, INC.
ENCARE OF WYNCOTE, INC.
ENCARE OF QUAKERTOWN, INC.
ADS SENIOR HOUSING, INC.
ADS RECUPERATIVE CENTER, INC.
ADS HINGHAM NURSING FACILITY, INC.
ADS APPLE VALLEY, INC.
ADS/MULTICARE, INC.
GLENMARK ASSOCIATES, INC.
GMA PARTNERSHIP HOLDING COMPANY, INC.
STAFFORD CONVALESCENT CENTER, INC.

THE MULTICARE COMPANIES, INC.
NORTH MADISON, INC.

BY: GENESIS ELDERCARE CORPORATION, as agent and attorney-in-
    fact for each of the foregoing entities

By:    _____
       Name: George V. Hager, Jr.
       Title: Executive Vice President, Chief Financial Officer

CARE HAVEN ASSOCIATES LIMITED PARTNERSHIP
GLENMARK PROPERTIES I, LIMITED PARTNERSHIP
POINT PLEASANT HAVEN LIMITED PARTNERSHIP
RALEIGH MANOR LIMITED PARTNERSHIP
ROMNEY HEALTH CARE CENTER LTD. LIMITED PARTNERSHIP
SISTERVILLE HAVEN LIMITED PARTNERSHIP
TEAYS VALLEY HAVEN LIMITED PARTNERSHIP

BY: GLENMARK ASSOCIATES, INC., as General Partner of each of the
    foregoing limited partnerships

By:    _____
       Name: George V. Hager, Jr.
       Title: Executive Vice President, Chief Financial Officer

ADS HINGHAM LIMITED PARTNERSHIP

BY: ADS HINGHAM NURSING FACILITY, INC., its General Partner

By:    _____
       Name: George V. Hager, Jr.
       Title: Executive Vice President, Chief Financial Officer

ADS RECUPERATIVE CENTER LIMITED PARTNERSHIP

BY: ADS RECUPERATIVE CENTER, INC., its General Partner

By:    _____
       Name: George V. Hager, Jr.
       Title: Executive Vice President, Chief Financial Officer

AA. 825

WESTFORD NURSING AND RETIREMENT CENTER, LIMITED PARTNERSHIP

BY: WESTFORD NURSING AND RETIREMENT CENTER, INC., its
     General Partner

By: _____
     Name: George V. Hager, Jr.
     Title: Executive Vice President, Chief Financial Officer


ADS APPLE VALLEY LIMITED PARTNERSHIP

BY: ADS APPLE VALLEY, INC., its General Partner

By: _____
     Name: George V. Hager, Jr.
     Title: Executive Vice President, Chief Financial Officer


HOLLY MANOR ASSOCIATES OF NEW JERSEY, L.P.

BY: ENCARE OF MENDHAM, L.L.C., its General Partner

By: _____
     Name: George V. Hager, Jr.
     Title: Executive Vice President, Chief Financial Officer
     of The Multicare Companies, Inc. for and as the
     Majority Member of Encare of Mendham, L.L.C.


MERCERVILLE ASSOCIATES OF NEW JERSEY, L.P.

BY: BREYUT CONVALESCENT CENTER, L.L.C., its General Partner

By: _____
     Name: George V. Hager, Jr.
     Title: Executive Vice President, Chief Financial Officer


MIDDLETOWN (RI) ASSOCIATE OF RHODE ISLAND, L.P.

BY: HEALTH RESOURCES OF MIDDLETOWN (RI), INC., its General
     Partner

By: _____
     Name: George V. Hager, Jr.
     Title: Executive Vice President, Chief Financial Officer

POMPTON ASSOCIATES, L.P.

BY: POMPTON CARE, L.L.C., its General Partner

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer
of The Multicare Companies, Inc. for and as Majority
Member of Pompton Care, L.L.C.

THE STRAUS GROUP - OLD BRIDGE, L.P.

BY: HEALTH RESOURCES OF EMERY, L.L.C., its General Partner

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer
of The Multicare Companies, Inc. for and as Majority
Member of Health Resources of Emery, L.L.C.

THE STRAUS GROUP - RIDGEWOOD, L.P.

BY: HEALTH RESOURCES OF RIDGEWOOD, L.L.C., its General Partner

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer
of The Multicare Companies, Inc. for and as Majority
Member of Health Resources of Ridgewood, L.L.C.

WALLINGFORD ASSOCIATES OF CONNECTICUT, L.P.

BY: HEALTH RESOURCES OF WALLINGFORD, INC., its General Partner

By: _____
Name: George V. Hager, Jr.
Title: Executive Vice President, Chief Financial Officer

WARWICK ASSOCIATES OF RHODE ISLAND, L.P.

BY: HEALTH RESOURCES OF WARWICK, INC., its General Partner

By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


THE STRAUS GROUP - HOPKINS HOUSE, L.P.

BY: ENCARE OF WYNCOTE, INC., its General Partner

By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


THE STRAUS GROUP - QUAKERTOWN MANOR, L.P.

BY: ENCARE OF QUAKERTOWN, INC., its General Partner

By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


CUMBERLAND ASSOCIATES OF RHODE ISLAND, L.P

BY: HEALTH RESOURCES OF CUMBERLAND, INC., its General Partner

By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


GROTON ASSOCIATES OF CONNECTICUT, L.P.

BY: HEALTH RESOURCES OF GROTON INC., its General Partner

By: _____
        Name: George V. Hager, Jr.
        Title: Executive Vice President, Chief Financial Officer


HEALTH RESOURCES OF BRIDGETON, L.L.C.
HEALTH RESOURCES OF CINNAMINSON, L.L.C.

HEALTH RESOURCES OF CRANBURY, L.L.C.
HEALTH RESOURCES OF ENGLEWOOD, L.L.C.
HEALTH RESOURCES OF EWING, L.L.C.
HEALTH RESOURCES OF FAIRLAWN, L.L.C.
HEALTH RESOURCES OF JACKSON, L.L.C.
HEALTH RESOURCES OF WEST ORANGE, L.L.C.
ROEPHEL CONVALESCENT CENTER, L.L.C.
TOTAL REHABILITATION CENTER, L.L.C.
POMPTON CARE, L.L.C.
HEALTH RESOURCES OF LAKEVIEW, L.L.C.
HEALTH RESOURCES OF RIDGEWOOD,    L.L.C.
HEALTH RESOURCES OF EMERY, L.L.C.
ENCARE OF MENDHAM. L.L.C.
BREYUT CONVALESCENT CENTER, L.L.C.

BY: THE MULTICARE COMPANIES, INC., as Member of the foregoing
    Limited Liability Companies

By:    _____
       Name: George V. Hager, Jr.
       Title: Executive Vice President, Chief Financial Officer


GLENMARK LIMITED LIABILITY COMPANY I

BY: GLENMARK ASSOCIATES, INC., its Member

By:    _____
       Name: George V. Hager, Jr.
       Title: Executive Vice President, Chief Financial Officer

# EXHIBITS AND SCHEDULE
# TO THE PLAN OF REORGANIZATION

# EXHIBIT A

## GENESIS DEBTORS

1. Genesis Health Services Corporation.
2. Genesis Health Ventures, Inc.
3. Asco Healthcare of New England, Limited Partnership
4. Brevard Meridian Limited Partnership
5. Care4, L.P.
6. Catonsville Meridian Limited Partnership
7. Easton Meridian Limited Partnership
8. Edella Street Associates
9. Genesis-Georgetown SNF/JV, Limited Liability Company
10. Genesis Eldercare Employment Services, LLC
11. Genesis Health Ventures of West Virginia, Limited Partnership
12. Genesis Properties Limited Partnership
13. Genesis Properties of Delaware Ltd. Partnership, LP
14. Greenspring Meridian Limited Partnership
15. Hallmark Healthcare Limited Partnership
16. Hammonds Lane Meridian Limited Partnership
17. Main Street Pharmacy, L.L.C.
18. McKerley Health Care Center-Concord Limited Partners
19. McKerley Health Facilities
20. Meridian Edgewood Limited Partnership
21. Meridian Perring Limited Partnership
22. Meridian Valley Limited Partnership
23. Meridian Valley View Limited Partnership
24. Meridian/Constellation Limited Partnership
25. Millville Meridian Limited Partnership
26. Norristown Nursing and Rehabilitation Center Associates, Limited Partnership
27. North Cape Convalescent Center Associates, L.P.
28. Northwest Total Care Center Associates, L.P.
29. Philadelphia Avenue Associates
30. Respiratory Health Services, LLC
31. River Ridge Partnership
32. River Street Associates
33. Seminole Meridian Limited Partnership
34. State Street Associates, L.P.
35. Therapy Care Systems, LP

36. Volusia Meridian Limited Partnership
37. Accumed, Inc.
38. Asco Healthcare, Inc.
39. Asco Healthcare of New England, Inc.
40. Brinton Manor, Inc.
41. Burlington Woods Convalescent Center, Inc.
42. Carecard, Inc.
43. Carefleet, Inc.
44. Cheltenham LTC Management, Inc.
45. Compass Health Services, Inc.
46. Concord Healthcare Corporation
47. Concord Pharmacy Services, Inc.
48. Crestview Convalescent Home, Inc.
49. Crestview North, Inc.
50. Crystal City Nursing Center, Inc.
51. Delco Apothecary, Inc.
52. Derby Nursing Center Corporation
53. Diane Morgan and Associates, Inc.
54. Dover Healthcare Associates, Inc.
55. Eastern Medical Supplies, Inc.
56. Eastern Rehab Services, Inc.
57. Eidos, Inc.
58. Encare of Massachusetts, Inc.
59. Genesis Eldercare Adult Day Health Services, Inc.
60. Genesis Eldercare Diagnostic Services, Inc.
61. Genesis Eldercare Home Care Services, Inc.
62. Genesis Eldercare Home Health Services-Southern, Inc.
63. Genesis Eldercare Hospitality Services, Inc.
64. Genesis Eldercare Management Services, Inc.
65. Genesis Eldercare Network Services, Inc.
66. Genesis Eldercare National Centers, Inc.
67. Genesis Eldercare Network Services of Massachusetts, Inc.
68. Genesis Eldercare Physician Services, Inc.
69. Genesis Eldercare Properties, Inc.
70. Genesis Eldercare Rehabilitation Management Services, Inc.
71. Genesis Eldercare Rehabilitation Services, Inc.
72. Genesis Eldercare Staffing Services, Inc.
73. Genesis Eldercare Transportation Services, Inc.

74. Genesis Health Ventures of Arlington, Inc.
75. Genesis Health Ventures of Bloomfield, Inc.
76. Genesis Health Ventures of Clarks Summit, Inc.
77. Genesis Health Ventures of Indiana, Inc.
78. Genesis Health Ventures of Lanham, Inc.
79. Genesis Health Ventures of Massachusetts, Inc.
80. Genesis Health Ventures of Naugatuck, Inc.
81. Genesis Health Ventures of New Garden, Inc.
82. Genesis Health Ventures of Point Pleasant, Inc.
83. Genesis Health Ventures of Wayne, Inc.
84. Genesis Health Ventures of West Virginia, Inc.
85. Genesis Health Ventures of Wilkes-Barre, Inc.
86. Genesis Health Ventures of Windsor, Inc.
87. Genesis Healthcare Centers Holdings, Inc.
88. Genesis Holdings, Inc.
89. Genesis Immediate Med Center, Inc.
90. Genesis Properties of Delaware Corporation
91. Genesis Selectcare Corp.
92. Geriatric & Medical Companies, Inc.
93. Geriatric and Medical Services, Inc.
94. Geriatric and Medical Investments Corporation
95. Gerimed Corp.
96. GMC Leasing Corporation
97. GMC Medical Consulting Services, Inc.
98. GMS Management-Tucker, Inc.
99. GMS Management, Inc.
100. Governor's House Nursing Home, Inc.
101. Health Concepts and Services, Inc.
102. Healthobjects Corporation
103. Hilltop Health Care Center, Inc.
104. Horizon Medical Equipment and Supply, Inc.
105. Innovative Health Care Marketing, Inc.
106. Innovative Pharmacy Services, Inc.
107. Institutional Health Care Services, Inc.
108. Keystone Nursing Home, Inc.
109. Knollwood Manor, Inc.
110. Knollwood Nursing Home, Inc.
111. Life Support Medical Equipment, Inc.
112. Life Support Medical, Inc.
113. Lincoln Nursing Home, Inc.
114. Manor Management Corp. of Georgian Manor, Inc.
115. McKerley Health Care Centers, Inc.

116. Medical Services Group, Inc.
117. Meridian Health, Inc.
118. Meridian Healthcare, Inc.
119. Metro Pharmaceuticals, Inc.
120. National Pharmacy Service, Inc.
121. Neighborcare Infusion Services, Inc.
122. Neighborcare-Medisco, Inc.
123. Neighborcare of Northern California, Inc.
124. Neighborcare of Oklahoma, Inc.
125. Neighborcare of Virginia, Inc.
126. Neighborcare of Wisconsin, Inc.
127. Neighborcare Pharmacies, Inc.
128. Neighborcare Pharmacy Services, Inc.
129. Neighborcare-Orca, Inc.
130. Neighborcare-TCI, Inc.
131. Network Ambulance Services, Inc.
132. Oak Hill Health Care Center, Inc.
133. Pharmacy Equities, Inc.
134. Philadelphia Avenue Corporation
135. Professional Pharmacy Services, Inc.
136. Prospect Park LTC Management, Inc.
137. State Street Associates, Inc.
138. Suburban Medical Services, Inc.
139. The Tidewater Healthcare Shared Services Group, Inc.
140. Therapy Care, Inc.
141. Transport Services, Inc.
142. United Health Care Services, Inc.
143. Valley Medical Services, Inc.
144. Valley Transport Ambulance Service, Inc.
145. Versalink, Inc.
146. Villas Realty & Investments, Inc.
147. Walnut LTC Management, Inc.
148. Wayside Nursing Home, Inc.
149. Weisenfluh Ambulance Service, Inc.
150. West Phila. LTC Management, Inc.
151. Wyncote Healthcare Corp.
152. York LTC Management, Inc.
153. Healthcare Resources Corp.

## EXHIBIT B

## MULTICARE DEBTORS

1. Multicare AMC, Inc.
2. ADS Hingham Limited Partnership
3. ADS Palm Chelmsford, Inc.
4. ADS Reservoir Waltham, Inc.
5. Arcadia Associates
6. Health Resources of Lakeview, L.L.C.
7. Care Haven Associates Limited Partnership
8. Cumberland Associates of Rhode Island, L.P.
9. Glenmark Limited Liability Company I
10. Glenmark Properties I, Limited Partnership
11. Groton Associates of Connecticut, L.P.
12. Health Resources of Bridgeton, L.L.C.
13. Health Resources of Cinnaminson, L.L.C.
14. Health Resources of Cranbury, L.L.C.
15. Health Resources of Englewood, L.L.C.
16. Health Resources of Ewing, L.L.C.
17. Health Resources of Fairlawn, L.L.C.
18. Health Resources of Jackson, L.L.C.
19. Health Resources of West Orange, L.L.C.
20. Holly Manor Associates of New Jersey, L.P.
21. Markglen, Inc.
22. Mercerville Associates of New Jersey, L.P.
23. Middletown (RI) Associate of Rhode Island, L.P.
24. Point Pleasant Haven Limited Partnership
25. Raleigh Manor Limited Partnership
26. Roephel Convalescent Center, L.L.C.
27. Romney Health Care Center Ltd. Limited Partnership
28. Sisterville Haven Limited Partnership
29. Teays Valley Haven Limited Partnership
30. The Straus Group - Hopkins House, L.P.
31. The Straus Group - Old Bridge, L.P.
32. The Straus Group - Quakertown Manor, L.P.
33. The Straus Group - Ridgewood, L.P.
34. Total Rehabilitation Center, L.L.C.
35. Wallingford Associates of Connecticut, L.P.
36. Warwick Associates of Rhode Island, L.P.
37. Academy Nursing Home, Inc.
38. ADS Consulting, Inc.
39. ADS Hingham ALF, Inc.
40. ADS Home Health, Inc.
41. ADS Village Manor, Inc.
42. ANR, Inc.
43. Applewood Health Resources, Inc.
44. ASL, Inc.

45. Automated Professional Accounts, Inc.
46. Berks Nursing Home, Inc.
47. Bethel Health Resources, Inc.
48. Breyut Convalescent Center, Inc.
49. Brightwood Property, Inc.
50. Century Care Construction, Inc.
51. Century Care Management, Inc.
52. Cheateau Village Health Resources, Inc.
53. CHG Investment Corp., Inc.
54. CHNR - 1, Inc.
55. Colonial Hall Health Resources, Inc.
56. Colonial House Health Resources, Inc.
57. Concord Campanion Care, Inc.
58. Concord Healthcare Services, Inc.
59. Concord Health Group, Inc.
60. Concord Home Health, Inc.
61. Concord Rehab, Inc.
62. Concord Service Corporation
63. CVNR, Inc.
64. Dawn View Manor, Inc.
65. DELM Nursing, Inc.
66. Eldercare Resources Corp.
67. Elmwood Health Resources, Inc.
68. Encare of Mendham, Inc.
69. Encare of Pennypack, Inc.
70. ENR, Inc.
71. Genesis Eldercare Corp.
72. Glenmark Associates - Dawn View Manor, Inc.
73. Glenmark Properties, Inc.
74. GMA - Brightwood, Inc.
75. GMA - Madison, Inc.
76. GMA - Construction, Inc.
77. GMA Uniontown, Inc.
78. Health Resources of Academy Manor, Inc.
79. Health Resources of Boardman, Inc.
80. Health Resources of Bridgeton, Inc.
81. Health Resources of Brooklyn, Inc.
82. Health Resources of Cedar Grove, Inc.
83. Health Resources of Cinnaminson, Inc.
84. Health Resources of Colchester, Inc.
85. Health Resources of Columbus, Inc.
86. Health Resources of Cranbury, Inc.
87. Health Resources of Englewood, Inc.
88. Health Resources of Eatontown, Inc.
89. Health Resources of Ewing, Inc.

90. Health Resources of Farmington, Inc.
91. Health Resources of Gardner, Inc.
92. Health Resources of Glastonbury, Inc.
93. Health Resources of Jackson, Inc.
94. Health Resources of Karamenta and Madison, Inc.
95. Health Resources of Lakeview, Inc.
96. Health Resources of Lemont, Inc.
97. Health Resources of Lynn, Inc.
98. Health Resources of Marcella, Inc.
99. Health Resources of Montclair, Inc.
100. Health Resources of Morristown, Inc.
101. Health Resources of Norfolk, Inc.
102. Health Resources of North Andover, Inc.
103. Health Resources of Norwalk, Inc.
104. Health Resources of Pennington, Inc.
105. Health Resources of Ridgewood, Inc.
106. Health Resources of Rockville, Inc.
107. Health Resources of Solomont/Brookline, Inc.
108. Health Resources of South Brunswick, Inc.
109. Health Resources of Troy Hill, Inc.
110. Health Resources of Voorhees, Inc.
111. Health Resources of Westwood, Inc.
112. Healthcare Rehab Systems, Inc.
113. Helstat, Inc.
114. HMNR Realty, Inc.
115. HNCA, Inc.
116. Horizon Mobile, Inc.
117. Horizon Rehabilitation, Inc.
118. HR of Charleston, Inc.
119. HRWV Huntington, Inc.
120. Lakewood Health Resources, Inc.
121. Laurel Health Resources, Inc.
122. Lehigh Nursing Homes, Inc.
123. LRC Holding Company
124. LWNR, Inc.
125. Mabri Convalescent Center, Inc.
126. Marshfield Health Resources, Inc.
127. MHNR, Inc.
128. MNR, Inc.
129. Montgomery Nursing Homes, Inc.
130. Multicare Home Health of Illinois, Inc.
131. Northwestern Management Services, Inc.
132. Nursing and Retirement Center of the Andovers, Inc.
133. PHC Operating Corp.
134. Pocohantas Continuous Care Center, Inc.
135. Pompton Care, Inc.
136. Prescott Nursing Home, Inc.
137. Progressive Rehabilitation Centers, Inc.

138. Providence Funding Corporation
139. Providence Health Care, Inc.
140. Providence Medical, Inc.
141. Rest Haven Nursing Home, Inc.
142. Ridgeland Health Resources, Inc.
143. River Pines Health Resources, Inc.
144. Rivershores Health Resources, Inc.
145. RLNR, Inc.
146. Rophel Convalescent Center, Inc.
147. Rose Healthcare, Inc.
148. Rose View Manor, Inc.
149. Roxborough Nursing Home, Inc.
150. RSNR, Inc.
151. S.T.B. Investors, LTD.
152. Schuylkill Nursing Homes, Inc.
153. Schuylkill Partnership Acquisition Corporation
154. Scotchwood Mass. Holding Co., Inc.
155. Senior Living Ventures, Inc.
156. Senior Source, Inc.
157. Snow Valley Health Resources, Inc.
158. SVNR, Inc.
159. The ADS Group, Inc.
160. The Assisted Living Associates of Berkshire, Inc.
161. The Assisted Living Associates of Lehigh, Inc.
162. The Assisted Living Associates of Sanatoga, Inc.
163. The Assisted Living Associates of Wall, Inc.
164. The House of Campbell, Inc.
165. TM Acquisition Corp.
166. Tri-State Mobile Medical Services, Inc.
167. Westford Nursing and Retirement Center, Limited Partnership
168. Willow Manor Nursing Home, Inc.
169. Pompton Associates, L.P.
170. Pompton Care, L.L.C.
171. Health Resources of Ridgewood, L.L.C.
172. Health Resources of Emery, L.L.C.
173. Encare of Mendham. L.L.C.
174. Breyut Convalescent Center, L.L.C.
175. ADS Recuperative Center Limited Partnership
176. Westford Nursing and Retirement Center, Inc.
177. RVNR, Inc.
178. Horizon Associates, Inc.
179. Health Resources of Warwick, Inc.
180. Health Resources of Wallingford, Inc.

ii

181. Health Resources of Middletown (RI), Inc.
182. Health Resources of Groton, Inc.
183. Health Resources of Cumberland, Inc.
184. Health Resources of Arcadia, Inc.
185. Encare of Wyncote, Inc.
186. Encare of Quakertown, Inc.
187. ADS Senior Housing, Inc.
188. ADS Recuperative Center, Inc.
189. ADS Hingham Nursing Facility, Inc.

190. ADS Apple Valley, Inc.
191. ADS/Multicare, Inc.
192. Glenmark Associates, Inc.
193. GMA Partnership Holding Company, Inc.
194. Stafford Convalescent Center, Inc.
195. The Multicare Companies, Inc.
196. North Madison, inc.
197. ADS Apple Valley Limited Partnership

AA. 835

## SCHEDULE 8.1

## SCHEDULE OF REJECTED CONTRACTS

## GENESIS DEBTORS

1.  Vending services agreement, dated as of March 21, 1998, between Genesis Health Ventures, Inc. and Take-A-Break

2.  Postage meter lease agreement, dated as of January 10, 2000, between NeighborCare of Oklahoma, Inc. and Pitney Bowes Credit Corporation

3.  Computer lease agreement, dated as of November 3, 1999, between Geriatric & Medical Services, Inc. and Dell Financial Services

4.  Radiology agreement, dated as of July 2, 1997, between Meridian Healthcare, Inc. and Radiation Physics

5.  Dental agreement, dated as of July 23, 1997, between Meridian Healthcare, Inc. and Anthony Gregorio DDS

6.  Elevator maintenance agreement, dated as of July 8, 1997, between Meridian Healthcare, Inc. and General Elevator

7.  Exterminator service agreement, dated as of December 28, 1998, between Meridian Healthcare, Inc. and Western Pest

8.  Generator agreement, dated as of September 17, 1998, between Meridian Healthcare, Inc. and Advanced Equipment

9.  Lawn exterminator agreement, dated as of November 1, 1999, between Meridian Healthcare, Inc. and TruGreen ChemLawn

10. Diagnostic lab agreement, dated as of January 1, 1999, between Meridian Healthcare, Inc. and Quest Laboratories

11. Medical record consulting agreement, dated as of November 28, 1997, between Meridian Healthcare, Inc. and Clinical Record Consulting

12. Social services agreement, dated as of December 8, 1998, between Meridian Healthcare, Inc. and Laurie Trusty, MSW, ACSW, and LCSW-C

13. Vending machine agreement, dated as of July 6, 1997, between Meridian Healthcare, Inc. and Black Tie Service

14. Hazardous waste removal agreement, dated as of June 1, 1997, between Meridian Healthcare, Inc. and Waste Management of Montgomery County

15. Sprinkler system agreement, dated as of February 17, 1997, between Meridian Healthcare, Inc. and Livingston Fire Protection, Inc.

16. Transfer agreement, dated as of February 1, 1998, between Meridian Healthcare, Inc. and Montgomery General Hospital

i

## MULTICARE DEBTORS

1. Cable television agreement, dated as of September 27, 1999, between Health Resources of Kamenta & Madison, Inc. and SkyCable TV of Madison, LLC

2. Medical staffing agreement, dated as of June 1, 2000, between Health Resources of Kamenta & Madison, Inc. and Healthcare Specialists, Inc.

3. Staffing agreement, dated as of June 20, 2000, between Health Resources of Kamenta & Madison, Inc. and Country Nurses, Inc.

4. HCFA information review agreement, dated as of January 7, 2000, between Health Resources of Kamenta & Madison, Inc. and MetaStar, Inc.

5. Medical director agreement, dated as of December 1, 1998, between Health Resources of Kamenta & Madison, Inc. and Dr. Leroy Walsh

6. Health care consulting agreement, dated as of November 8, 1999, between Health Resources of Kamenta & Madison, Inc. and Dorothy Anderson ART/ Anderson Consulting Services

7. Insurance provider agreement, dated as of February 15, 1999, between Health Resources of Kamenta & Madison, Inc. and Premier/Dean Health Plan, Inc.

8. Security agreement, dated as of September 14, 1995, between Health Resources of Kamenta & Madison, Inc. and ADT Security Systems West, Inc.

9. Bird watching agreement, dated as of October 6, 1994, between Health Resources of Kamenta & Madison, Inc. and Living Design, Inc.

10. Hair care agreement, dated as of February 26, 1999, between Health Resources of Kamenta & Madison, Inc. and Classic Hair Care, LLC

11. Medicaid electronic data system billing agreement, dated as of October 2, 1995, between Health Resources of Kamenta & Madison, Inc. and State of Wisconsin, Department of Heath Services

12. Fire protection agreement, dated as of February 12, 1999, between Health Resources of Kamenta & Madison, Inc. and Grinnell

13. Optometry agreement, dated as of March 2, 1999, between Health Resources of Kamenta & Madison, Inc. and Health Drive Medical & Dental Practices

14. Podiatry agreement, dated as of April 2, 1999, between Health Resources of Kamenta & Madison, Inc. and Health Drive Medical & Dental Practices

15. Pay Phone agreement, dated as of August 1, 1996, between Health Resources of Kamenta & Madison, Inc. and Ameritech

16. Bio-Med waste agreement, dated as of March 29, 1999, between Health Resources of Kamenta & Madison, Inc. and Stericycle, Inc.

17. Medical infectious waste disposal agreement, dated as of August 17, 1998, between Health Resources of Kamenta & Madison, Inc. and Madison Energy Recovery, Inc.

18. Respite Care agreement, dated as of October 1, 1999, between Health Resources of Kamenta & Madison, Inc. and Community Living Alliance

19. Staffing agreement, dated as of May 2, 2000, between Health Resources of Columbus, Inc. and Healthcare Staffing

20. Service agreement, dated as of April 26, 2000, between Health Resources of Columbus, Inc. and Heartline Medix, Inc.

21. Service agreement, dated as of November 3, 1993, between Health Resources of Columbus, Inc. and Divine Savior Hospital/Audiology

22. Service agreement, dated as of February 15, 1995, between Health Resources of Columbus, Inc. and Muzak-Advertising On Hold

23. Service agreement, dated as of December 6, 1993, between Health Resources of Columbus, Inc. and Living Design

24. Service agreement, dated as of April 1, 1998, between Health Resources of Columbus, Inc. and Shelia Niggemeier

25. Equipment agreement, dated as of January 18, 1989, between Health Resources of Columbus, Inc. and Ecolab

26. Service agreement, dated as of March 12, 1999, between Health Resources of Columbus, Inc. and Stericycle

27. Equipment agreement, dated as of February 8, 1999, between Health Resources of Columbus, Inc. and Grinnell Fire Protection

28. Vehicle lease agreement, dated as of December 12, 1998, between Health Resources of Columbus, Inc. and PNC

29. Consulting agreement, dated as of January 20, 1998, between Health Resources of Columbus, Inc. and Healthdrive Medical

30. Hospitalization service agreement, dated as of October 6, 1998, between Health Resources of Columbus, Inc. and Columbus Community Hospital

31. Laboratory service agreement, dated as of October 6, 1998, between Health Resources of Columbus, Inc. and Columbus Community Hospital

32. Medical director agreement, dated as of September 30, 1996, between Health Resources of Columbus, Inc. and Dr. Bruce A. Kraus

33. Service agreement, dated as of October 1, 1998, between Health Resources of Columbus, Inc. and Sandy Roof

34. Service agreement, dated as of May 1, 2000, between Health Resources of Columbus, Inc. and Preferred Podiatry

35. Service agreement, dated as of February 26, 1998, between Health Resources of Columbus, Inc. and Marla Davis Psychotherapy

36. Equipment agreement, dated as of January 9, 1997, between Health Resources of Columbus, Inc. and Storage Plus

37. Service agreement, dated as of January, 2000, between Health Resources of Columbus, Inc. and Safeco

38. Equipment agreement, dated as of December, 1994, between Health Resources of Columbus, Inc. and Lake City Vending

39. Service agreement, dated as of July 22, 1999, between Health Resources of Columbus, Inc. and Wil-Kil Pest

40. Participation agreement, dated as of November 1, 1999, between Health Resources of Columbus, Inc. and Department of Health & Social Services

41. Participation agreement, dated as of September 1, 1992, between Health Resources of Columbus, Inc. and State of Wisconsin

42. Participation agreement, dated as of March 11, 1998, between Health Resources of Columbus, Inc. and Dean Health Plan

43. Participation agreement, dated as of March 8, 1996, between Health Resources of Columbus, Inc. and Group Health Cooperative

44. Service agreement, dated as of June 21, 2000, between Health Resources of Columbus, Inc. and Country Nurses

45. Service agreement, dated as of November 8, 1999, between Health Resources of Columbus, Inc. and 1 Health Plan

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

————————————————————x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
GENESIS HEALTH VENTURES, INC., *et al.*,  :     00-2692 (JHW)
                                          :
        Debtors.                          :
                                          :     (Jointly Administered)
————————————————————x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
MULTICARE AMC, INC., *et al.*,            :     00-2494 (JHW)
                                          :
        Debtors.                          :
                                          :     (Jointly Administered)
————————————————————x

## TECHNICAL AMENDMENTS TO
## DEBTORS' JOINT PLAN OF REORGANIZATION

Genesis Health Ventures, Inc. ("Genesis"), The Multicare Companies, Inc.

("Multicare"), and the other above-captioned debtors and debtors in possession

(collectively with Genesis and Multicare, the "Debtors") hereby file these Technical

Amendments to the Debtors' Joint Plan of Reorganization, dated July 6, 2001 (the

"Plan").[1]

> 1.     Section 1.31 of the Plan (Definitions/Genesis Other Secured

Claim) is amended as follows:  at the end of the second line after the words "Genesis

Senior Lender Claim", insert the words ", but including Secured Claims in the amount of

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings
ascribed thereto in the Plan.

REF:D1480211

**AA. 841**

$50,000,000 of the lender parties to the documents described in clause (ii) of the definition of Genesis Senior Lender Agreements."

2.    Section 1.36 of the Plan (Definitions/Genesis Senior Lender Claim) is amended as follows: at the end of the sixth line after the number "$17,290,962", insert the words ", and the Claims of the lender parties to the documents described in clause (ii) of the definition of Genesis Senior Lender Agreements are Genesis Senior Lender Claims to the extent of $28,236,000."

3.    Section 1.57 of the Plan (Definitions/Plan Documents) is amended as follows:

a.    in the sixth line after the designation (viii), delete the words "the settlement agreement referred to in Section 5.15 hereof, (ix)"

b.    in the seventh line, replace the designation "(x)" with the designation "(ix)".

4.    Section 2.3 of the Plan (Administrative Expense Claims and Priority Tax Claims/Priority Tax Claims) is amended as follows: in the eighth line after the words "Allowed Priority Tax Claim" insert the words "; *provided, however,* that any Allowed Priority Tax Claim belonging to the Internal Revenue Service shall receive quarterly, rather than annual, Cash payments".

5.    Section 3.3 of the Plan (Classification of Claims and Equity Interests/Subclasses for Class G1) is amended as follows: insert the words "101 E. State Street, Kennett Square, Pa." in the second to last line of the second column of the table underneath the words "Woodmont Center."

AA. 842

6.    Section 4.1 of the Plan (Treatment of Claims and Equity

Interests/Genesis Other Secured Claims (Class G1)) is amended as follows:

a.    insert the words "G1-5, G1-6, G1-7," in the first line after

the words "Except for the Genesis Other Secured Claims in Subclasses."

b.    add the following subparagraphs (d), (e), and (f) after

subparagraph (c):

(d)    *Subclass G1-5*:  As of the Effective Date, all
of the Genesis Debtors' obligations under, pursuant to, and
in connection with (i) the 8.875% First Mortgage Revenue
Refunding Bonds (Edella Street Associates Project), Series
1992, due September 1, 2014 (the "Lackawanna Bonds"),
issued pursuant to that certain Trust Indenture, dated as of
June 1, 1992 (the "Lackawanna Indenture"), between the
Lackawanna County Industrial Development Authority and
Fidelity Bank, National Association ("Fidelity",
predecessor to  Allfirst Bank ("Allfirst")), as indenture
trustee, and (ii) any and all documents, agreements, and
instruments executed in connection with the Lackawanna
Bonds, including, without limitation, the Lackawanna
Indenture and that certain Mortgage And Security
Agreement dated as of June 1, 1992 (collectively, the
"Lackawanna Bond Documents"), shall be reinstated and
shall be the obligations of the Reorganized Debtors.  As of
the Effective Date, the Lackawanna Bond Documents shall
be deemed reinstated in their entirety, and all legal,
equitable, and contractual rights under the Lackawanna
Bond Documents and the Lackawanna Bonds shall be and
remain unaltered by confirmation and consummation of the
Plan, including, without limitation, the extent, validity,
priority, and perfection of all liens and security interests
granted thereunder.  No further filing, notice, or other
action shall be required to effect the reinstatement of the
Lackawanna Bond Documents and the Lackawanna Bonds,
including, without limitation, the perfection of liens granted
in respect thereof; *provided*, that the Genesis Debtors
and/or the Reorganized Debtors shall obtain and execute, or
cause to be obtained and executed, such replacement
documents, agreements, and instruments as reasonably
requested in writing by either Allfirst, as indenture trustee,

AA. 843

or by holders of the Lackawanna Bonds. On or as soon as reasonably practicable after the Effective Date, the Genesis Debtors and/or the Reorganized Debtors shall (y) cure any and all defaults under the Lackawanna Bonds and the Lackawanna Bond Documents (including, without limitation, any past due payments of principal and interest (at the nondefault rate), whether incurred prior to or after the Commencement Date), and (z) reimburse Allfirst, as indenture trustee, for all fees, expenses, and costs (including reasonable attorneys' fees and expenses) which have accrued and are required to be paid under the Lackawanna Bonds and the Lackawanna Bond Documents.

(e)      *Subclass G1-6.* As of the Effective Date, all of the Genesis Debtors' obligations under, pursuant to, and in connection with (i) The Delaware Economic Development Authority First Mortgage Revenue Refunding Bonds Series of 1993 (Dover Health Care Associates Inc. Project) (the "Delaware Bonds"), issued pursuant to that certain Trust Indenture dated as of February 1, 1993 (the "Delaware Indenture"), between The Delaware Economic Development Authority and Fidelity Bank, National Association ("Fidelity," as predecessor to Allfirst, as indenture trustee, and (ii) any and all documents, agreements and instruments executed in connection with the Delaware Bonds, including, without limitation, the Delaware Indenture, that certain Mortgage and Security Agreement dated as of February 1, 1993, and that certain Guaranty Agreement dated as of February 1, 1993, the provisions of Section 5.1 herein notwithstanding (collectively, the "Delaware Bond Documents"), shall be reinstated and shall be the obligations of the Reorganized Debtors. As of the Effective Date, the Delaware Bond Documents shall be deemed reinstated in their entirety, and all legal, equitable, and contractual rights under the Delaware Bond Documents and the Delaware Bonds shall be and remain unaltered by confirmation and consummation of the Plan, including, without limitation, the extent, validity, priority, and perfection of all liens and security interests granted thereunder. No further filing, notice, or other action shall be required to effect the reinstatement of the Delaware Bond Documents and the Delaware Bonds, including, without limitation, the perfection of liens granted in respect thereof; *provided*, that the Genesis Debtors and/or the Reorganized Debtors shall

obtain and execute, or cause to be obtained and executed, such replacement documents, agreements, and instruments as reasonably requested in writing by either Allfirst, as indenture trustee, or by holders of the Delaware Bonds. On or as soon as reasonably practicable after the Effective Date, the Genesis Debtors and/or the Reorganized Debtors shall (y) cure any and all defaults under the Delaware Bonds and the Delaware Bond Documents (including, without limitation, any past due payments of principal and interest (at the nondefault rate), whether incurred prior to or after the Commencement Date), and (z) reimburse Allfirst as indenture trustee, for all expenses and costs (including reasonable attorneys' fees and expenses) which have accrued and are required to be paid under the Delaware Bonds and the Delaware Bond Documents.

(f)     *Subclass G1-7.* As of the Effective Date, all of the Genesis Debtors' obligations under, pursuant to, and in connection with (i) the 8.75% First Mortgage Revenue Refunding Bonds (River Street Associates Project), Series 1992, due June 15, 2007 (the "Luzerne Bonds"), issued pursuant to that certain Trust Indenture, dated as of June 1, 1992 (the "Luzerne Indenture"), between the Luzerne County Industrial Development Authority and Fidelity (predecessor to Allfirst), as indenture trustee, and (ii) any and all documents, agreements, and instruments executed in connection with the Luzerne Bonds, including, without limitation, the Luzerne Indenture and that certain Mortgage And Security Agreement dated as of June 1, 1992 (collectively, the "Luzerne Bond Documents"), shall be reinstated and shall be the obligations of the Reorganized Debtors. As of the Effective Date, the Luzerne Bond Documents shall be deemed reinstated in their entirety, and all legal, equitable, and contractual rights under the Luzerne Bond Documents and the Luzerne Bonds shall be and remain unaltered by confirmation and consummation of the Plan, including, without limitation, the extent, validity, priority, and perfection of all liens and security interests granted thereunder. No further filing, notice, or other action shall be required to effect the reinstatement of the Luzerne Bond Documents and the Luzerne Bonds, including, without limitation, the perfection of liens granted in respect thereof; *provided*, that the Genesis Debtors and/or the Reorganized Debtors shall obtain and execute, or cause to be obtained

and executed, such replacement documents, agreements, and instruments as reasonably requested in writing by either Allfirst, as indenture trustee, or by holders of the Luzerne Bonds. On or as soon as reasonably practicable after the Effective Date, the Genesis Debtors and/or the Reorganized Debtors shall (y) cure any and all defaults under the Luzerne Bonds and the Luzerne Bond Documents (including, without limitation, any past due payments of principal and interest (at the nondefault rate)), whether incurred prior to or after the Commencement Date), and (z) reimburse Allfirst, as indenture trustee, for all fees, expenses, and costs (including reasonable attorneys' fees and expenses) which have accrued and are required to be paid under the Luzerne Bonds and the Luzerne Bond Documents..

7.    Section 5.11 of the Plan (Means for Implementation/Cancellation of Existing Securities and Agreements) is amended as follows: in the last line after the word "indentures", add the words "; *provided, further, however,* that the relevant indentures, notes, and other instruments relating to Allowed Claims being reinstated and unimpaired in Class M1 shall not be canceled by this Section 5.11.

8.    Section 5.12 of the Plan (Means for Implementation/Board of Directors) is amended as follows:

a.    Replace the word "seven" in the first line with the word "eight".

b.    In the fourth line after the sentence ending with the words "of Reorganized Genesis." add the following sentence: "The eighth member will be selected by the Chief Executive Officer of Reorganized Genesis."

9.    Section 5.15 of the Plan (Means for Implementation/Settlement with the Federal Government) is amended as follows:

AA. 846

        a.     delete the words ", in the form set forth in the Plan Supplement," in the fifth and sixth lines.

        b.     add the words ", subject to obtaining Bankruptcy Court approval" in the sixth line after the words "Plan of Reorganization".

    10.     Section 6.10 of the Plan (Distributions/Setoffs) is amended as follows:  at the end of the sixth line after the word "Claim" insert the words *"provided, that in the event the Debtors seek to exercise such setoff rights against the holder of a Claim that is a debtor in a case under the Bankruptcy Code, the Debtors shall comply with the requirements of the Bankruptcy Code, including seeking relief from the automatic stay."*.

    11.     Section 8.1 of the Plan (Executory Contracts and Unexpired Leases/General Treatment) is amended as follows:  insert the words "and Leases" after the words "Schedule of Rejected Contracts" in the fifth line.

    12.     Schedule 8.1 to the Plan (Schedule of Rejected Contracts/Genesis Debtors) is amended as follows:

        a.     insert the words "and Leases" after "Schedule of Rejected Contracts" in the title.

        b.     add the following contracts after "16.  Transfer agreement, dated as of February 1, 1998, between Meridian Healthcare, Inc. and Montgomery General Hospital":

17. Contract for the Sale of Anthony Wayne School, dated December 8, 2000, between Walnut LTC Management, Inc. and Altman General Corporation[2]

18. Vehicle lease #93080, dated as of February 21, 1996, between NeighborCare – TCI, Inc. and Mike Albert Leasing, Inc.

19. Vehicle lease #93082, dated as of February 21, 1996, between NeighborCare – TCI, Inc. and Mike Albert Leasing, Inc.

20. Vehicle lease #93083, dated as of February 21, 1996, between NeighborCare – TCI, Inc. and Mike Albert Leasing, Inc.

21. Vehicle lease #93084, dated as of February 21, 1996, between NeighborCare – TCI, Inc. and Mike Albert Leasing, Inc.

22. Printer lease, dated as of April 1998, between Network Ambulance Services and Pitney Bowes

23. Pumps lease, dated January 17, 1994, between ASCO Healthcare, Inc. and Medela, Inc.

13.     Section 10.6 of the Plan (Effect of Confirmation/Exculpation) is amended as follows: delete the words "any Disbursing Agent," in the first line.

14.     Except as expressly amended hereby, all other provisions of the Plan shall remain unaffected and in full force and effect.

Dated: August 27, 2001
    Wilmington, Delaware


WEIL, GOTSHAL & MANGES LLP          WILLKIE FARR & GALLAGHER
767 Fifth Avenue                    787 Seventh Avenue
New York, New York 10153            New York, New York 10019-6099
(212) 310-8000                      (212) 728-8000
Michael F. Walsh                    Marc Abrams
Gary T. Holtzer                     Paul V. Shalhoub

-and-                               -and-

---

[2] This is a postpetition agreement which the Genesis Debtors are terminating.

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 658-6541

By: _[signature]_ (No. 3780)
Mark D. Collins (No. 2981)

ATTORNEYS FOR THE GENESIS
DEBTORS AND DEBTORS IN
POSSESSION

YOUNG CONAWAY STARGATT &
TAYLOR
11th Floor, Wilmington Trust Company
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

By: _Robert Brady by DCC w/permission_
Robert S. Brady (No. 2847)

ATTORNEYS FOR THE MULTICARE
DEBTORS AND DEBTORS IN
POSSESSION

# EXHIBIT C