# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                       :   Chapter 11
                                             :
GENESIS HEALTH VENTURES, INC.,               :   Case No. 00-2692 (JHW)
*et al.*,                                    :
                                             :
      Reorganized Debtors.          :
---------------------------------------------------x
In re:                                       :   Chapter 11
                                             :
MULTICARE AMC, INC., et al.                  :   Case No. 00-2494 (JHW)
                                             :
      Reorganized Debtors.          :
---------------------------------------------------x
In re:                                       :   Chapter 11
                                             :
GENESIS ELDERCARE CORP.                      :   Case No. 00-2564 (JHW)
                                             :
      Reorganized Debtors.          :
---------------------------------------------------x
In re:                                       :   Chapter 11
                                             :
NORRISTOWN AND                               :   Case No. 00-2716 (JHW)
REHABILITATION ASSOCIATES, L.P.              :
                                             :
      Reorganized Debtors.          :
                                             :   Hearing Date: December 15, 2005 at 8:30 a.m.
                                             :   Objection Deadline: December 8, 2005 at 4:00 p.m.
---------------------------------------------------x

REORGANIZED DEBTORS'
MOTION FOR ENTRY OF FINAL DECREE

Pursuant to section 350(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Genesis Health Ventures, Inc ("GHV"), Norristown Nursing & Rehabilitation Associates, L.P. ("Norristown"), Genesis Eldercare Corporation ("GEC") and

RLF1-2944787-1

Multicare AMC, Inc ("Multicare"; collectively with GHV, Norristown and GEC, the "Reorganized Debtors") respectfully request that the Court grant entry of a final decree. In support of this Motion, the Reorganized Debtors respectfully represent as follows:

### Jurisdiction

This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relevant Background

1. On June 22, 2000 (the "Commencement Date"), the Reorganized Debtors, and many of their affiliates, each commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). During the pendency of their Chapter 11 cases, the Reorganized Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Two separate lines of jointly administered cases were maintained by this Court, pursuant to first day orders entered on June 23, 2001: one for GHV, Norristown and many of their affiliates (Case No. 00-2692) [Dkt. No. 30], and a separate one for Multicare, GEC and many of their affiliates (Case No. 00-2494) [Dkt. No. 22].

3. On June 5, 2001, the Reorganized Debtors, together with their affiliates in both, separate lines of jointly administered cases, filed a joint plan of reorganization (as amended, the "Plan") and disclosure statement, pursuant to section 1125 of the Bankruptcy Code. On September 20, 2001, this Court entered an order confirming the Plan (the "Confirmation Order") [Dkt. No. 338582335]. On October 2, 2001, the Plan became effective by its terms (the "Effective Date").

2

RLF1-2944787-1

4.  On August 1, 2002, the Court granted a motion to enter a final decree in all of the Genesis jointly administered cases except for (1) GHV (Case No. 00-2692) (the "Genesis Lead Case") and (2) Norristown (Case No. 00-2716) [Dkt. No. 338583187]. On that same day, the Court granted a motion to enter a final decree in all of the Multicare cases except for (1) Multicare (Case No. 00-2564) (the "Multicare Lead Case") and (2) GEC (Case No. 00-2564) [Dkt. No. 338583187]. Thereafter, GHV and Multicare continued to object to claims, make distributions and conclude pending litigation.

5   As of the date hereof, the Reorganized Debtors have substantially consummated the Plan, and substantially all of the distributions thereunder have been made.

6.  As contemplated and required by the Plan and the Confirmation Order, all documents and agreements necessary to implement and complete the Plan were executed in accordance with the terms of the Plan and the Confirmation Order.

7.  All expenses arising from the administration of the Reorganized Debtors' estates, including court fees, section 1930(a)(6) fees, professional fees, and expenses, have been paid or will be paid prior to the hearing date set for this Motion.

### Basis for Relief

8.  Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 5009-1(b) provides that, "upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid."

3

RLF1-2944787-1

9.   The term "fully administered" is not defined in the Bankruptcy Code or Rules. The Advisory Committee Note to Bankruptcy Rule 3022 sets forth a non-exclusive list of factors to be considered to determine whether a case has been fully administered. These factors are: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. Various courts have used these factors as a guide for determining whether a case should be closed. See, e.g., In re Gates Community Chapel of Rochester, Inc., 212 B.R. 220, 223-24 (Bankr. W.D.N.Y. 1997) (determining that case should be closed); In re Jay Bee Enterprises, Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same) It is not required that all factors identified in the Advisory Committee Note be satisfied:

> The Court finds the Committee Note to the new rule illuminative and essentially adopts its language. Noteworthy, however, is that all of the factors in the Committee Note need not be present before the Court will enter a final decree.

In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990).

10.   This Court has recently confirmed that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." In re SLI, Inc., 2005 WL 1668396, *2 (Bankr. D. Del. June 24, 2005)

11.   In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (Bankr. E.D. Pa. 1994) (considering substantial consummation as a factor); Gates Community Chapel, 212 B.R. at 224 (same).

12. There can be no question that the Reorganized Debtors cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Reorganized Debtors' cases. Under the factors set forth above, (i) the Confirmation Order became final in 2001 and the last appeal therefrom ended when certiorari was denied by the U.S. Supreme Court on June 20, 2005; (ii) the Plan has been implemented and is substantially consummated; (iii) the claims objections have been completed and virtually all of the Plan distributions made; (iv) no significant property transfers remain unexecuted under the Plan; (v) the Reorganized Debtors have been successfully reorganized under the Plan; (vi) upon information and belief, all Plan payments required to date have been made; and (vii) no motions or contested matters remain unresolved in these Chapter 11 Cases. Accordingly, the estates of the Reorganized Debtors have been "fully administered" and should be closed under the express language of section 350(a) of the Bankruptcy Code.

13. The Reorganized Debtors note that two matters that once were before this Court in these cases are currently on appeal: James J. Hayes v. Genesis Health Ventures, 3d Cir Case No. 05-4005 (filed 8/31/05) (concerning this Court's refusal to appoint an equity committee) and Haskell v. Goldman Sachs & Co., et al., D. Del. Case No. 05-4-427 (filed 6/23/05) (concerning a claim of damages for fraud in connection with the confirmation order). The pendency of these appeals should not prohibit the entry of a final decree in these cases and no reported case of which the Reorganized Debtors are aware holds to the contrary.

14. Other bankruptcy courts have further noted that entry of a final decree is appropriate to stop the accrual of section 1930(a)(6) fees. In re Jr. Food Mart of Arkansas, Inc., 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [section 1930(a)(6)] fees accrue"); Jay Bee, 207 B.R. at 539 (concluding that "it seems appropriate to

close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees). Therefore, the Reorganized Debtors respectfully submit that, under the circumstances, these cases should be closed.

### Final Report

15. The Reorganized Debtors are filing final reports in the Genesis Lead Case and the Multicare Lead Case, pursuant to Local Rule 5009-1(c), substantially contemporaneously with this Motion.

### Notice

16. In accordance with Local Rule 5009-1(b), the Reorganized Debtors have served notice of this Motion on (i) the Office of the United States Trustee for the District of Delaware, (ii) the 2002 List in both the Genesis cases and the Multicare cases and (iii) those parties who request notice pursuant to Bankruptcy Rule 2002(g) in both the Genesis cases and the Multicare cases. The Reorganized Debtors respectfully submit that, given the nature of the relief requested, no other or further notice need be given.

### Prior Requests

17. No previous request for the specific relief requested herein has been made to this or any other court.

## Conclusion

18. WHEREFORE, the Reorganized Debtors respectfully request that this Court (a) enter a final decree, substantially in the form attached hereto as <u>Exhibit A</u>, closing the cases and (b) grant such other and further relief as is necessary and proper.

Dated: November 23, 2005
Wilmington, Delaware

/s/ Maureen D. Luke
Robert S. Brady (No. 2202)
Maureen D. Luke (No. 3062)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

and

Paul V. Shalhoub
WILLKIE FARR & GALLAGHER
787 Seventh Avenue
New York, New York 10019-6099

Attorneys for Reorganized Debtors
Multicare AMC, Inc. & Genesis
Eldercare Corporation

/s/ Russell C. Silberglied
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Cynthia L. Collins (No. 4337)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

and

Michael F. Walsh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

and

Adam P. Strochak
Joanne M. Guerrera
WEIL, GOTSHAL & MANGES LLP
1615 L Street, NW, Suite 700
Washington, D.C. 20036

Attorneys for Reorganized Debtors Genesis Health Ventures, Inc. and Norristown Nursing & Rehabilitation Associates, L.P